JOHN GARWOOD, Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

(Argued May 2, 1889; decided October 8, 1889.)

APPEAL from order of the General Term of the Supreme Court in the fifth judicial department, made June 17, 1886, which reversed a judgment in favor of defendant, entered upon the report of a referee and ordered a new trial.

This action was brought to recover damages for the alleged unlawful taking of water by the defendant from the Tonawanda creek, on which the plaintiff had a mill, during the years 1873–1879.

The defendant pleaded as a defense the right to take the water for its engines. The plaintiff proved a prior judgment in an action brought by him in equity, to enjoin the defendant from using the water of this stream, and to recover the damages caused by the use from 1868 to 1873. In that action it was held that the defendant had no right to take the water of the stream, and it was enjoined from using this water to the plaintiff's prejudice, and the plaintiff's damages for the five years were assessed at $500.

Plaintiff also proved that, notwithstanding the judgment, defendant continued to use the water. Defendant claimed, and gave evidence tending to show, and the referee found, that the amount of water taken by it made no appreciable difference in the water of the creek, and that plaintiff had sustained no damage.

The following is the *mem.* of opinion :

" The defendant began taking water from the creek about November, 1869. The plaintiff was not permitted to prove that after this date there was less water in the stream during the summer months than before. This was a relevant fact. Its probative force would depend upon a variety of other facts, like the rainfall of the particular season, to be developed upon cross-examination, or by the examination of other witnessess. For this error of the referee the order of the General Term must be sustained and a judgment absolute ordered in favor of the plaintiff, with costs."

*Daniel H. McMillan* for appellant.

*James Breck Perkins* for respondent.

*Per Curiam mem.* for affirmance of order and for judgment absolute against defendant on stipulation.

All concur, except BRADLEY and HAIGHT, JJ., not sitting.

Order affirmed and judgment accordingly.