THE NEW YORK RUBBER COMPANY, Appellant, *v.* JOHN
ROTHERY et al., Respondents.

The title of a riparian proprietor to his water rights in a stream, and his
right to redress for their invasion, is not conditional upon a beneficial
user of them.

Where, there, is a diversion of the waters of the stream, which materially
diminishes its natural flow over the lands of a proprietor below, he may
maintain an action and is entitled to recover nominal damages, although
he has as yet made no use of the waters, or water enough is left in the
stream for the purposes of his business as then conducted.

This right to recover nominal damages is substantial, as it confirms the
proprietor's right to the beneficial use of the waters of the stream as it
was accustomed to flow before the diversion, and if withheld might tend
to impeach or destroy his title by adverse user.

In an action to recover damages for such a diversion the court, after
charging that if defendants diverted the waters of the stream, to a degree
that materially and appreciably diminished its flow along the lands of
plaintiff, the latter was entitled to nominal damages, charged in sub-
stance that the question must be determined by the use of the land as it
was, and not with reference to the future; that the question was as to
whether the water was diverted so as to leave the stream, to a material
and appreciable extent, insufficient for the purposes of plaintiff's busi-
ness, and refused to charge that plaintiff's right to maintain the action
and to recover nominal damages did not depend at all upon his showing
actual or perceptible damage. *Held*, error.

Reported on a former appeal, 107 N. Y. 310.

(Argued February 9, 1892; decided April 19, 1892.)

APPEAL from judgment of the General Term of the Supreme
Court in the second judicial department, entered upon an order
made July 8, 1890, which affirmed a judgment in favor of
defendants, entered upon a verdict and also affirmed an order
denying a motion for a new trial.

The action was brought to recover damages for the alleged
diversion of the waters of a stream. The plaintiff owned two
lots, both upon the left bank of the Matteawan creek, extend-
ing to the middle of the stream and separated by an intervening
lot of a third person.

The defendants owned lands upon the right bank, opposite
the plaintiff's lands, and extending up the creek above them.

Above the plaintiff's lands the defendants had a dam across the stream, from which they diverted the water into a raceway, constructed by them upon their own lands. The raceway was about 300 feet long, eight feet wide and ten feet deep. The water flowed in the race to defendants' factory, was there used, and then discharged into the creek entirely below plaintiff's upper lot, and below the middle of his lower lot. The defendants had expended about $50,000 in utilizing the water-power and constructing their factory. The plaintiff's lots were not used for manufacturing purposes. The upper lot had a slaughter house upon it and the lower lot a tenement house. The fall in the bed of the stream from defendant's dam to plaintiff's lower lot is ten inches. The evidence tended to show that during the periods of the flow of the normal volume of water in the stream the whole of its waters were diverted into the raceway, except such as escaped through leakage; that there always was some leakage.

Further facts are stated in the opinion.

*B. F. Lee* for appellant. Diversion of water is a cause of action without proof of actual damage. (*Webb* v. *P. M. Co.*, 3 Sumn. 189; Gould on Waters, § 401; *Parker* v. *Griswold*, 17 Conn. 288; *Corning* v. *T. I. & N. Factory*, 40 N. Y. 191; *R. C. Co.* v. *King*, 14 Ad. & El. [N. S.] 122, 134–139; *Wood* v. *Waud*, 3 Exch. 748, 772; *Harrop* v. *Hirst*, L. R. [4 Exch.] 43, 45; *Branch* v. *Doane*, 18 Conn. 233, 241, 242; *Monroe* v. *Stickney*, 48 Me. 462; *A. M. Co.* v. *Goodale*, 46 N. H. 53; *Tuthill* v. *Scott*, 43 Vt. 525; *Graver* v. *Sholl*, 42 Penn. St. 58; *Casebeer* v. *Mowry*, 55 id. 419; *Hendricks* v. *Cook*, 4 Ga. 241, 260; *Stein* v. *Boden*, 24 Ala. 130; *Stein* v. *Ashby*, 24 id. 521; *Scriver* v. *Smith*, 100 N. Y. 471; 2 Washb. on Real Prop. [5th ed.] 366–368, 393; 3 Kent's Comm. 438; *Crooker* v. *Bragg*, 10 Wend. 264.) The refusal of the learned trial judge to charge that the plaintiff's right to maintain this action and to recover a verdict for nominal damages does not depend at all upon the plaintiff's showing any actual or any perceptible damage, but solely upon the question whether the

defendants have, by the use of their race, at any season of the year, diverted water from Matteawan creek, and thereby have reduced perceptibly and materially the volume or current of water which otherwise would have flowed by the plaintiff's premises, was error. (*Garwood* v. *N. Y. C. & H. R. R. R. Co.*, 116 N. Y. 649.)

*H. H. Hustis* for respondents.   It is not an error to refuse to charge that which has already been charged, although the language used is different, but is in substance the same. (*N. Y. R. Co.* v. *Rothery*, 112 N. Y. 592; *Poulin* v. *B. & S. A. R. R. Co.*, 61 id. 621.)

Landon, J.   Upon the former appeal (107 N. Y. 310) this court held that it was for the jury to determine upon the evidence whether the plaintiff's riparian rights were injured by the defendants' use of the water; that the test was whether that use " was such that at various times the quantity which would otherwise have flowed past plaintiff's lots was perceptibly and materially diminished, *and* to such an extent that frequently when the water was running through the tail-race of defendants there was none running over or through the dam except leakage, and, of course, none flowing past the plaintiff's lots, the whole substantial part of the water of the stream going through defendant's tail-race instead of down its original and natural channel."   Upon the retrial the evidence was addressed to this subject, and the question presented upon the present appeal is whether the plaintiff's exceptions to the charge of the learned trial court and to the refusals to charge are valid.

The court charged the jury that if the defendants used and diverted the water to a degree that materially and appreciably lessened its flow along the lots of the plaintiff, the plaintiff was entitled to recover nominal damages.   But the court also charged: " These defendants have the right to use this water to run their wheel, provided they do not interfere with the stream to an extent which you can say is both appreciable and material.   That question will, of course, be determined with

reference to the land as it was, and not with reference to the future for an instant. Be sure as to that; do not change the question from just what it is: Have the Rotherys, by this water-course, diverted the water so as to leave the stream to a material and appreciable extent insufficient for the purposes of plaintiff's business? Now, gentlemen, that is all there is of the case." The plaintiff excepted to this portion of the charge and requested the court to charge " that the plaintiff's right to maintain this action and to recover a verdict for nominal damages, does not depend at all upon the plaintiff's showing any actual or any perceptible damage, but solely upon the question whether the defendants have, by the use of their race, at any season of the year diverted water from Matteawan creek, and thereby have reduced perceptibly and materially the volume or current of water which otherwise would have flowed by the plaintiff's premises." This was refused.

Both the charge and refusal were erroneous.

The plaintiff's right to recover nominal damages was substantial, though the quantity of damages was not. The defendants probably did leave water enough in the stream for the purposes of the plaintiff's business, as that business had been conducted. But the plaintiff's title to its water rights, and its right to redress for their invasion, were not conditional upon the beneficial user of them. (*Corning* v. *Troy Iron & Nail Factory*, 40 N. Y. 191; *Crooker* v. *Bragg*, 10 Wend. 260; *Webb* v. *Portland Mfg. Co.*, 3 Summer, 189; *Parker* v. *Griswold*, 17 Conn. 288; *Clark* v. *Penn. R. R. Co.*, 22 Atlantic Rep. 989.)

The plaintiff may, however, lose its title by the defendants' prolonged adverse user of the water of the stream, and this is the more probable if such adverse user is protected by the verdict of the jury. It is not improbable that this action was brought to prevent the defendants from acquiring a prescriptive right to divert the water The charge which makes "the purposes of the plaintiff's business " material to its right to recover and cautions the jury to regard plaintiff's land " as it was, and not with reference to the future," tended to lead the jury to

disregard the inviolable character of the plaintiff's property rights, or at least expose them to sacrifice if plaintiff's actual and immediate pecuniary damages were inappreciable. The plaintiff might thus lose its right to the beneficial use of the water as it was accustomed to flow before defendants began to divert it, simply because it had not as yet found it convenient to use it. In such a case, nominal damages given confirm the plaintiff's right, but withheld, impeach and may destroy it. (*Hammond* v. *Zehner*, 21 N. Y. 118.)

The request to charge presented the plaintiff's rights clearly. (*Garwood* v. *N. Y. C. & H. R. R. R. Co.*, 116 N. Y. 649.)

The defendants' counsel contends, and his contention is not wholly unsupported, that the court did, in his main charge, instruct the jury substantially as the plaintiff requested, and also instructed the jury substantially and nearly literally in the language of the opinion of this court. The evidence, however, tends to show that the defendants diverted into their race nearly the whole volume of the stream, during a considerable portion of each year, leaving only the small part which escaped from the dam through leakage to flow past the plaintiff's upper lot and the greater part of its lower one. The verdict can hardly be accounted for, except upon the theory that the jury were influenced by that portion of the charge, and by that refusal to charge upon which we have commented. These seem to have prejudiced the plaintiff.

The judgment should be reversed, and a new trial granted, costs to abide the event.

All concur, except Follett, Ch. J., not voting.

Judgment reversed.