THE NEW YORK RUBBER COMPANY, Appellant, *v.* JOHN ROTHERY and Another, Respondents.

*Diversion of the waters of a natural stream — a question for the jury.*

In an action brought to recover damages for the diversion of the waters of a natural stream, in which the only question for the jury was whether the defendants had materially and perceptibly diminished the natural flow of water in front of the plaintiff's premises, it was shown that a dam maintained by the defendants above the plaintiff's premises overflowed every day in the dryest time for its entire length, and that when the defendants were operating their factory at the lowest state of the water no perceptible diminution was seen in the stream running in its natural bed.

*Held*, that a verdict for the defendants was supported by the evidence.

APPEAL by the plaintiff, the New York Rubber Company, from a judgment of the Supreme Court, entered in the office of the clerk of Dutchess county on the 23d day of November, 1892, upon a verdict in favor of the defendants rendered at the Dutchess Circuit, and from an order denying the plaintiff's motion for a new trial made upon the minutes.

The action was brought to recover damages for the diversion of the waters of a natural stream, known as Fishkill or Matteawan creek, from their natural flow in front of the plaintiff's premises.

The plaintiff owned two lots of land on one side of the stream; the defendants owned land on the opposite side, extending both above

and below the plaintiff's lands; the defendants maintained a dam across the stream above the plaintiff's lands, and to procure water to operate a factory they constructed and maintained a race, which took water from the stream above the dam, carried it through their lands parallel to the stream, and after using the water in operating the factory by means of a thirty-inch turbine wheel discharged it back into the stream opposite the lower part of the plaintiff's land.

The plaintiff claimed that the use of this race diverted and diminished the natural flow of the water from his side of the stream, in front of his premises.

*Franklin Bartlett* and *W. H. L. Lee*, for the appellant.

*H. H. Hustis*, for the respondents.

BARNARD, P. J.:

Under the extremely restricted rule applied to this case, the verdict of the jury is supported by the evidence. The stream is a large stream sixty or seventy feet wide. The defendants have a dam some 200 feet wide just above the point where the defendants take the water for their factory, and the dam for its extreme width overflows each day in the dryest of time for its entire length. The stream below the dam at its lowest period is ten or twelve feet wide, and when the defendants are running their factory and at the lowest of water, no perceptible diminution is seen in the stream running in its natural bed. The defendants' wheel is but a thirty-inch wheel. Proof which would have legitimately tended to show that the fluctuation in the stream reducing it from a sixty-foot width to a ten or twelve-foot width, was caused by the ponding of the water of the stream in the great body called Whaley pond and in and by the numerous large ponds between that great reservoir and the defendants' dam, was excluded. With this proof in, the stream would have been a very large stream in the lowest of water.

The judgment should be affirmed with costs.

PRATT, J.:

If we correctly understand the decisions of the Court of Appeals (107 N. Y. 310; 132 id. 293) the turning point of this case is this: Have defendants, by their raceway, materially and perceptibly diminished the natural flow of the waters of Matteawan creek from their

natural channel in front of plaintiff's two lots or either of them? We understand that it has also been decided by that court that this question was for the jury. The learned trial judge so held and refused to direct a verdict for the plaintiff even for nominal damages. This question was broadly and fairly submitted to the jury and the verdict was for the defendant. It follows that the judgment should be affirmed, with costs.

DYKMAN, J., not sitting.

Judgment and order denying new trial affirmed, with costs.