DUESLER v. CITY OF JOHNSTOWN.

(Supreme Court, Appellate Division, Third Department. January 5, 1898.)

1. WATER COURSES—DIVERSION—INJUNCTION.
   Where the natural flow of water in a stream has been diminished, by diversion of the water by a city for public use, without process of law as to one who has purchased land on the stream below the diversion and with knowledge of it, nor as to his grantor, and the city threatens to continue the diversion, the purchaser may maintain an equitable action for damages and for injunction, a right to divert not having been acquired by prescription.

2. SAME—DAMAGES—RIGHT TO RELIEF.
   Where the damages sustained by a riparian owner by the unlawful diminution of the natural flow of water in a stream is $25, and his land is worth $350, the damage is sufficient, in proportion to the value of the land, to entitle him to relief.

   Landon, J., dissenting.

Appeal from trial term, Fulton county.

Action by Elsebra Duesler against the city of Johnstown. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

M. D. Murray, for appellant.
Andrew J. Nellis, for respondent.

PUTNAM, J. The plaintiff is the owner of a lot of land in the county of Fulton, consisting of one acre, of the value of from three to five hundred dollars. She purchased it on July 16, 1896, of one Edick. He obtained title thereto from one Hillabrandt on March 5, 1889. Cork Center creek, a natural water course, flows by and bounds plaintiff's said lot on the east. A stream of water called "Cold Brook" is a tributary of and flows into Cork Center creek

about three miles above plaintiff's premises.    In 1878 or 1879 the defendant appropriated the waters of Cold brook, and settled with and paid the owners of the property affected by such appropriation, including Hillabrandt, who then owned the lot in question.    In 1894, the city of Johnstown, for the purpose of obtaining a supply of pure and wholesome water, took proceedings with a view of appropriating the waters of Cork Center creek, near the milldam of one Frederick, at a point several miles above the plaintiff's premises, and obtained judgment of condemnation as against said Frederick on the 10th day of March, 1897, subsequent to the commencement of this action. Pending such proceedings, and on July 19, 1895, the water was diverted from Cork Center creek, and thereby the quantity of water flowing in the stream on plaintiff's said lot was materially diminished. It is not shown or claimed that any condemnation proceedings have been taken as against the plaintiff or her grantor authorizing the defendant to take the waters of Cork Center creek that were wont to flow through the lot in question.    The diversion of the water as claimed was admitted on the trial, and that the city of Johnstown proposed to continue it.    This action was brought to restrain the defendant from diverting the water of said creek from plaintiff's premises, and for damages.    The trial court found that "the value of the said lands and the value of the use and occupation thereof are not affected to any appreciable extent by such diversion of the waters of the Cork Center creek, and, although such diversion should continue permanently, the fee value of the said lands would not be depreciated in a sum exceeding twenty-five dollars ($25)," and concluded: "First, the plaintiff is not entitled to any equitable relief in this action; second, the plaintiff has an adequate remedy at law,"—and he directed judgment dismissing the complaint on the merits, unless the plaintiff elected to accept the payment of $25 from the defendant, and, in consideration thereof, release her right to have the waters of Cork Center creek flow on her land as they were wont to flow prior to July 19, 1895.    Such election and release not being made, judgment was entered dismissing the complaint on the merits; and the plaintiff, from such judgment, has taken an appeal to this court.

The right to maintain an equitable action to restrain the unlawful diversion of the water of a stream from its natural channel at the suit of a party owning lands on such channel is well settled.    Rubber Co. v. Rothery, 107 N. Y. 310, 14 N. E. 269; Corning v. Nail Factory, 40 N. Y. 191; Smith v. City of Rochester, 92 N. Y. 463.    And it has been held that, in order to sustain such an action, it is not necessary to show any actual or perceptible damages.    "It is only necessary to show a violation of right.    The law will presume some damage in such a case.    A fortiori, where the act done is such that, by its repetition or continuance, it may become the foundation or evidence of an adverse right."    Webb v. Manufacturing Co., 3 Sumn. 189, Fed. Cas. No. 17,322; Smith v. City of Rochester, 38 Hun, 612, 104 N. Y. 674; Townsend v. Bell, 62 Hun, 306, 17 N. Y. Supp. 210; 28 Am. & Eng. Enc. Law, 980; Rubber Co. v. Rothery, 132 N. Y. 293, 30 N. E. 841.    The plaintiff, as the owner of land on Cork

Center creek, took title to the thread of the stream, and, as incident thereto, acquired the right to the usufructuary enjoyment of the undiminished and undisturbed flow of said stream. Smith v. City of Rochester, 92 N. Y. 463. This use was a property right, of which the defendant could not legally deprive her without making due compensation in the manner required by law. The city of Johnstown having acquired no legal right to divert the water of Cork Center creek, and so diminish the supply of water from that source, we are of opinion that the plaintiff was entitled to a judgment restraining such diversion. By the act of the defendant, the flow of water on plaintiff's premises was materially diminished. This diminution did not result from the use of the water in an ordinary, authorized way, by an owner of land on the stream above the plaintiff, but was caused by the respondent's taking the water for the purpose of carrying it to the city of Johnstown, from which it would never return to the channel of the stream. See 3 Kent, Comm. *439.

The fact that plaintiff purchased the land after the diversion of the water had been effected by the defendant does not prevent the maintaining of her action. The city of Johnstown had not used the water thus diverted for a long enough period to acquire a right thereto by prescription. 2 Ang. Water-Courses, § 135. And see Townsend v. Bell, supra. But the plaintiff's land was of small value, and the damages resulting from the diversion of the water by the defendant were slight. The trial court found that the value of the land, and of the use thereof, are not affected to any appreciable extent by the diversion; and, if it shall continue permanently, the value of the land would not have depreciated over $25. The majority of the defendant's witnesses estimate the value of plaintiff's lot at from $300 to $350. Assuming its value to be $350, the damages for a permanent diversion of the water, according to the finding of the trial court, are one-fourteenth the value of the land. This, we think, is an appreciable damage. It is true the amount is small, but so is the value of plaintiff's premises.

Counsel for the respondent calls our attention to Wormser v. Brown, 149 N. Y. 163, 43 N. E. 524; Gray v. Railway Co., 128 N. Y. 499, 509, 28 N. E. 498; Bassett v. Salisbury Mills, 47 N. H. 426; and Crooke v. Water-Works Co., 27 Hun, 72,—which were cases of equitable actions, brought to restrain alleged illegal acts of the defendants therein, and in which it was held, under the facts shown in the cases cited, that:

"The amount of damage was thus quite material. Unless the court had found it to be substantial, it could, in the exercise of its discretion, have withheld the injunction, and left the plaintiff to his remedy at law. An equity court is not bound to issue an injunction when it will produce a great public or private mischief, merely for the purpose of protecting a technical or unsubstantial right." Gray v. Railroad Co., 128 N. Y. 509, 28 N. E. 499.

These authorities, however, were not cases of actions for the unauthorized diversion of water, in consequence of which the owner is deprived of his usufructuary right thereto without due compensation, and, we think, do not have the effect of overruling the authorities to which we have called attention. We think, under the cir-

cumstances shown in this case, the doctrine enunciated in Rubber Co. v. Rothery, 132 N. Y. 296, 30 N. E. 842,—that "the plaintiff's right to recover damages was substantial, though the quantity of damages was not,"—applied. If we assume, however, that the doctrine stated in Wormser v. Brown, supra, and kindred cases, applies to such an action as this, plaintiff was not entitled to recover unless she proved that she had sustained substantial damages in consequence of the diversion of water of which she complains. Under the circumstances shown in this case, it cannot be held that she did not show substantial damages. It appears that the defendant has materially diminished the water of Cork Center creek from the channel on plaintiff's land. It is true that her lot is of small value, and her damages are slight; but, on the finding of the court below, her damages for a permanent diversion of the water taken by the defendant, and which it concedes it intends to continue permanently, may be one-fourteenth of the value of her land. We are unable to say that this is not a substantial damage. One owning a lot of inconsiderable value, through which a natural stream flows, is as much entitled to be protected from an unlawful diversion of the water therein, although her damages resulting therefrom are necessarily slight, as is the owner of a more valuable lot who would suffer greater damages from a diversion. Considering the small value of plaintiff's land, the amount of damages the trial court held that she may sustain by a permanent diversion of the water of Cork Center creek cannot be said to be not substantial. We conclude that the wrongful and unlawful taking of the water from Cork Center creek, and depriving the plaintiff of the use thereof without her consent, which is conceded by the defendant, must necessarily be deemed to produce substantial damage to the plaintiff. The plaintiff seeks to preserve and protect her usufructuary right to the water running on her premises in Cork Center creek,—her property,— which defendant has taken, and proposes to continue taking, without any legal condemnation proceedings, and without authority of law. Within the meaning of the authorities, she has no adequate remedy at law, and was entitled to the equitable relief she demanded.

The judgment should therefore be reversed, and a new trial granted; costs to abide the event. All concur, except LANDON, J., dissenting.