### BROWN v. ONTARIO TALC CO.

(Supreme Court, Appellate Division, Third Department. March 11, 1903.)

1. WATER COURSE—DAMS—INJUNCTION.
   Plaintiff and defendant were owners of adjoining tracts of land bordering on a river. Defendant dammed the river, and in times of high water the chute was insufficient to carry away all the water, some of which was thrown back on plaintiff's land. *Held*, that plaintiff was entitled to an injunction restraining defendant from maintaining the dam at such a height as to throw water back onto his land.

2. TRIAL—FINDINGS—FORM.
   Under the amendment of 1894 to the Code of Civil Procedure the decision need not state separately the findings of fact and of law.

Appeal from Trial Term.

Action by Sidney Brown against the Ontario Talc Company. From so much of a judgment as denied plaintiff's right to an injunction except upon condition, plaintiff appeals. Reversed.

Plaintiff is the owner of a hotel situate upon the banks of the Oswegatchie river. Below his premises are the premises of the defendant, opposite which the defendant has constructed a dam 14 feet in height, which, in times of high water, sets back the water of the river upon the premises of the plaintiff, to the plaintiff's damage. This action was brought by the plaintiff to recover for the damages sustained by reason of an injury from the water thus set back, and for a mandatory injunction against the defendant compelling it to take off four feet from the top of said dam. The trial court ordered judgment for the plaintiff for the sum of $125 damages, with costs, and further ordered that the defendant might pay to the plaintiff, within 60 days after notice of entry of judgment, in addition to said damages and costs, the further sum of

$300 for the use of its dam as now maintained in the future, upon the plaintiff's giving a release for such further use. It was further provided that if the plaintiff, upon tender being made of said sum of $300, declined to give such release, he was remitted to his remedy in future actions for the damages occasioned him by the maintenance of the dam, if any such damage shall appear, and an injunction against the maintenance of the dam at its present height was denied. It was further provided that, if the defendant declines to pay the said sum of $300, in addition to the sum of $125 and costs of this action, an injunction was directed against the maintenance of the dam beyond the height of 10 feet from the foot of the tailrace. Pursuant to this judgment, the defendant offered to the plaintiff the sum of $300, and demanded a release for the future use of the dam at its present height. This was declined by the plaintiff, who has appealed from the judgment in so far as it denies to him a permanent injunction.

Argued before PARKER, P. J., and SMITH, LYON, CHASE, and CHESTER, JJ.

Earl Bancroft, for appellant.
Vasco P. Abbott, for respondent.

SMITH, J. This dam is constructed with a chute in the middle about 22 feet wide, the bottom of the chute being only 8 feet in height. Ordinarily, the waters of the river pass through this chute, and do not rise to the level of the top of the dam. In times of high water, however, this chute proves insufficient to take all of the water of the river, and the water overflows the top, at which times damage is caused by the backing up of the water upon the plaintiff's premises. This construction, infringing upon the plaintiff's rights, was an unwarranted trespass. The defendant is not a public corporation, which can acquire the right to maintain this dam at its present height by the payment of compensation after a condemnation under the statute. See Pappenheim v. M. E. R. Co. et al., 128 N. Y. 436, 28 N. E. 518, 13 L. R. A. 401, 26 Am. St. Rep. 486. It may be that the damage to the plaintiff's property is only occasional, but it is a damage against which the law should protect the plaintiff. By the maintenance of this dam at its present height, an adverse user may be instituted, and thus in time a right be acquired originating in a clear trespass. Whatever hardship may result to the defendant in removing a dam expensively constructed comes from its own folly in a construction made in defiance of the rights of the plaintiff.

The respondent insists that this appeal must be dismissed, because there are no specific findings of fact and law. He quotes the Code of Civil Procedure in the form in which it existed before the amendment of 1894, and the authorities which he cites are applicable entirely to the Code before the amendment. Under the amendment of 1894, the decision need no longer state separately the findings of fact and of law, and upon a general exception to a short decision filed the court has full power to review upon appeal.

In our judgment, therefore, the plaintiff's appeal is well taken, and the judgment, so far as an injunction is refused, should be reversed, and a new trial of such issue granted, with costs to appellant to abide event. All concur.