### LOUKES v. PAYNE.

(Supreme Court, Appellate Division, Third Department. November 16, 1910.)

1. INJUNCTION (§ 13*)—GROUNDS OF RELIEF—IN GENERAL.

A court of equity may grant an injunction, although the damages are not substantial, as the discretion of the court in each particular case must govern.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 13.; Dec. Dig. § 13.*]

2. INJUNCTION (§ 189*)—OBSTRUCTION OF WATER COURSE—RELIEF AWARDED.

Plaintiff in a suit to enjoin the maintenance of a dam or a stream on which he was a lower riparian owner, and for damages, established at the trial that the dam, while an invasion of his technical rights, did not reduce the flow to which he was entitled, but on the contrary was a benefit by regulating the flow, preventing floods and holding back flood water for the dry season, and was awarded nominal damages. Held, that judgment entered should not enjoin the maintenance of the dam, but that plaintiff should be given leave to apply at the foot of the decree for an injunction at any time on showing substantial injury, and the justice requires the relief, or to bring a separate action.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 409; Dec. Dig § 189.*]

Appeal from Special Term, Essex County.

Action by George M. Loukes against Daniel F. Payne. Judgment for plaintiff, and defendant appeals. Modified and affirmed.

By the judgment the plaintiff recovers six cents damages, and restrains the defendant perpetually from maintaining and using his storage dam at the Kingdom, except as a power dam. The dam extends across Black river in Essex county, and was built for the purpose of impounding waters in Lincoln pond to supply power for defendant's electric light plant built 1½ miles below. The plaintiff has a farm on Boquet river, and the Black river flows into the Boquet river just above the plaintiff's farm and about 11½ miles from Lincoln pond. The defendant owns the flowage rights around Lincoln pond and along Black river above his electric light plant and dam. Before the year 1873 a storage dam, 10 or 12 feet high, was maintained at this place to supply motive power for a forge for the manufacture of iron. The iron works were destroyed by fire 45 years ago. In 1904 the defendant rebuilt the dam, raising it to a height of 16.75 feet. The defendant expended in 1904 and 1905 $60,000 in building the storage dam and the electric light plant. The Special Term finds "that the storage dam causes no actual present injury to the lower owners on Black or Boquet rivers except as it invades their legal rights. On the contrary, it is a distinct benefit to them all, for the destructive freshets of the spring and fall are thereby prevented, and the waters saved are let down in dry weather to continue the flow of a stream which would otherwise very nearly dry out. The same amount of water comes down the river, but in a more uniform and beneficial manner than formerly. That the plaintiff has suffered no actual present damages by the defendant's acts in storing water by the reservoir dam, and using the same for the purposes of his plant, except as his legal rights are thereby invaded."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before SMITH, P, J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Smith & Wickes (Francis A. Smith, of counsel), for appellant.
Pyrke & Dudley (Berne A. Pyrke, of counsel), for respondent.

JOHN M. KELLOGG, J.   A court of equity may enjoin a wrongful act, although the damages are not substantial, but it is not required to do so in every case.   In each particular case as it arises the discretion of the court is appealed to, and, where a right is invaded, it may or may not grant injunctive relief according to the real conscience of the court in the premises.   In this case, at the instance of the plaintiff, the defendant is enjoined from doing an act which is of the utmost value and profit to him, causes no injury to the plaintiff, and is in fact a substantial benefit to him.   The legal rights of the parties are defined and secured by the judgment for nominal damages.   If the defendant continues storing the water, it cannot ripen by user into a permanent right, as the judgment in this case establishes the rights of the parties in the premises.   The question therefore is presented: Will the court, at the instance of the plaintiff, give him this extraordinary remedy when it will injure the defendant very materially, and will also bring injury upon the plaintiff, and, in no event, can properly bring the plaintiff any benefit?

If this action had been instituted when the dam was being erected before the defendant had made the large expenditure of money, perhaps a different situation would present itself.   It is not clear that the plaintiff knew that the dam was being erected, although the probability is strong that he must have known that extensive works were being carried on in rebuilding the dam and in erecting the plant below.   In a rural locality like the one in question we cannot at least assume that the plaintiff did not know; and when he seeks to use the injunctive order of the court to the great detriment of the defendant, as well as his own detriment, he should show that he is guilty of no laches, and has taken action at the earliest moment, and has not done any act to lull the defendant into a state of repose, and cause him unnecessary expense.   When we consider that the plaintiff is seeking to restrain acts the doing of which are beneficial to himself, it is fair to assume that he is actuated by some ulterior purpose.   He may desire to sell his farm at a large price, or to coerce from the defendant large sums of money to get rid of the injunction.   If such is his purpose, it does not appeal to a court of equity.   It will not willingly aid him by using this extraordinary remedy for such a purpose.   The remedy of injunction is intended to prevent a wrong in favor of a party aggrieved. The plaintiff is not aggrieved, and the court will not interfere by injunction where the only proper legal effect is to visit injury upon all the suitors and where no party to the litigation can be benefited but all parties must suffer.

The judgment, so far as it awards six cents damages to the plaintiff, is affirmed, for the reason that upon the facts shown the defendant is not authorized to use the dam as a storage reservoir, and the judgment will establish that the plaintiff is entitled to the injunctive

relief granted whenever it appears that injury caused to the plaintiff is substantial, and that equity and justice require that the injunction be put in force.

The judgment granting the injunction should be modified by suspending its operation, and providing that the plaintiff at any time may apply at the foot of the judgment, upon showing substantial injury to him hereafter occurring and that the ends of justice require it, for an injunction substantially as mentioned in the judgment, or as the court may direct, or at his election the plaintiff may bring such separate action for such or other relief as he may be advised on account of any injury to his property hereafter occurring, and, as so modified, the judgment appealed from is affirmed, without costs to either party.

All concur.