(151 App. Div. 304.)

### McCANN et al. v. CHASM POWER CO.

(Supreme Court, Appellate Division, Third Department. May 8, 1912.)

1. INJUNCTION (§ 193*)—PERMANENT INJUNCTION—SUBSTANTIAL INJURY—RELIEF AWARDED.

   Plaintiff in an action to enjoin the maintenance of a dam in a rocky chasm at its existing height showed that the water was raised in the part of the chasm belonging to him and utterly useless under existing conditions, and so established a technical invasion of his rights, but did not prove that he had sustained any actual damage. It appeared that a permanent injunction would greatly harm defendant electric company. *Held*, that a permanent injunction should be suspended until the plaintiff was able to show some substantial injury therefrom, with leave on proof of substantial injury to apply at the foot of the judgment for injunction, or, at his election, to bring separate action for relief.

   [Ed. Note.—For other cases, see Injunction, Cent. Dig. § 413; Dec. Dig. § 193.*]

2. WATERS AND WATER COURSES (§ 164*)—RIGHT OF FLOWAGE—PRESCRIPTION.

   In an action to permanently enjoin the maintenance of a dam, a judgment for plaintiff for six cents damages preserved the plaintiff's title, and prevented the defendant from obtaining any prescriptive right of flowage.

   [Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 210–212; Dec. Dig. § 164.*]

   Betts, J., dissenting.

Appeal from Trial Term, Franklin County.

Action by Arthur H. McCann and others against the Chasm Power Company. From a judgment of the Supreme Court of the County of Franklin awarding a permanent injunction against the defendant upon a decision of the court without a jury, defendant appeals. Modified and affirmed.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

A. B. Cooney, for appellant.
John M. Cantwell, for respondents.

HOUGHTON, J. [1, 2] We think this case comes within the principle applied by this court in Louks v. Payne, 140 App. Div. 776, 125 N. Y. Supp. 850, and in Whalen v. Union Bag & Paper Co., 145 App. Div. 1, 129 N. Y. Supp. 391, and that the injunction granted against the defendant maintaining its dam at its present height should be suspended until the plaintiffs are able to show some substantial injury therefrom. The defendant's dam is at the lower end of a chasm on

the Chateaugay river. The walls of the chasm are perpendicular, and consist of bare rock. The defendant owns flowage rights up the chasm for a certain distance. When its dam is full, the water backs up the chasm 420 feet beyond defendant's upper line, and makes the water deeper in that part of the chasm belonging to the plaintiffs. No land or timber is overflowed. The water is simply raised up the sides of the rock which extend more than 50 feet above the heightened water surface. The learned trial court found that no actual damage had been sustained by the plaintiffs and awarded only six cents damages, but adjudged that the plaintiffs' rights had been invaded, and granted an injunction against the defendant maintaining its dam to such a height as would flow the water back upon their lands. A compliance with this direction would necessitate a lowering of the defendant's dam about eight feet, greatly impairing its efficiency, and in dry season make the water power practically useless.

The defendant company is engaged in the generation of electricity, and some of the plaintiffs are owners of its stock. While some of the plaintiffs deny that they had said their only wish was to put the defendant into bankruptcy, it is perfectly plain that they are actuated by some ulterior motive, and desire to harm the defendant without obtaining any particular benefit to themselves. Some of them helped build the dam, knowing that the water would flow back in the gorge beyond the defendant's lands, and then they subsequently purchased the lands of the upper riparian owners with the manifest intention of making trouble for the defendant. Their excuse now is that they desire to develop a water power above the defendant's lands.

It does not appear how far up the river the gorge extends, except that it does extend further than the water flows back when the defendant's dam is full. While the plaintiffs could build a dam in the gorge at their line, there would be no mill site at that point, the bank on which it could be built being 50 feet above the water, and they could not carry the water down stream through a water trunk to any place where a mill might be located without interfering with the defendant's dam. If they desire to develop a water power, they must go further up the chasm where a site for a mill can be found. That part of the chasm, therefore, which is flowed by the maintenance of the defendant's dam, is utterly useless to the plaintiffs, except perhaps as a tailrace for a water power which they may develop further up the river. As the situation now exists, the plaintiffs are not in the least harmed by having the water a little higher than it naturally would be in that part of the chasm owned by them, while, if the defendant is compelled to lower its dam, it will be very seriously injured. Where an injunction can do no good to a plaintiff and will greatly harm a defendant, it should not be granted. Although technically one's legal rights may be invaded, equity is not necessarily compelled under all circumstances and at all hazards to grant injunctive relief. Such legal rights can be preserved by granting such relief as the present situation demands and suspending the injunctive relief until such time as subtantial damage shall be suffered by the plaintiff or shall be impending.

The judgment for six cents damages preserved the title of the plain-

tiffs, and prevents the defendant from obtaining any prescriptive right of flowage, and that part of the judgment should be affirmed.

That part of the judgment granting an injunction should be modified by suspending its present operation, and providing that the plaintiffs may at any time apply at the foot of the judgment, upon showing substantial injury from any cause to them hereafter occurring, for an injunction substantially as provided in the present judgment, or as the court may direct, or at their election the plaintiffs may bring such separate action for such or other relief as they may be advised, on account of any injury to their property hereafter occurring, and, as so modified, the judgment appealed from should be affirmed, without costs to either party. All concur, except BETTS, J.

BETTS, J. I dissent. The plaintiffs and the defendant are adjoining riparian owners on the Chateaugay river, Franklin county. The plaintiffs are upstream from the defendant and own quite a large amount of land along and near to the river, and along and on each side of a chasm of said river. Where the chasm stops and the land widens out into level lands, the plaintiffs also own several tracts of land.

The defendant upon its premises has erected a dam so high that it floods the water of the Chateaugay river back upon the lands of the plaintiffs 420 feet. At the point of division on the river between the lands of plaintiffs and defendant, the water is raised up eight feet high in the river by the defendant's dam. This runs down, of course, up the stream until it comes down to nothing, 420 feet back from the line between the parties.

Plaintiffs brought an action for damages and for an injunction restraining the defendant from maintaining its dam at this height. The plaintiffs succeeded at the Trial Term, and procured a judgment for six cents damages and for an injunction restraining the continuance of said dam at the height at which it was erected, and the defendant was directed to take down its dam to a height at which it would not set the water back upon the premises of the plaintiffs within ten months from the date of the decree or judgment entered in this action. See opinion of the trial court. I think the judgment is right, and should be affirmed.

One of the plaintiffs testifies that the reason the plaintiffs came to buy this property which was purchased after defendant's dam was erected was that "we were looking for a water power site to build a pulp mill and tissue mill." The plaintiffs do not have to apologize to the defendant nor to the court for purchasing lands that did not belong to the defendant. There is nothing in the evidence taking the entire evidence together in my opinion that justifies the assigning of any ulterior motives to the plaintiffs in the purchase of this land. If the defendant keeps its water on its own land, the plaintiffs cannot harm it no matter what plaintiffs' motives might be alleged to be. Nor is there anything inequitable in plaintiffs' position here. They allege and prove ownership and trespass by defendant, and simply ask to have defendant removed from their property. The defendant is com-

mitting a continuing trespass on plaintiffs' lands. This court is contemplating sanctioning and approving that trespass. This would be taking plaintiffs' lands for a private purpose, which is unlawful. Private lands may not be taken even for a public purpose without just compensation; but here it is proposed to give to defendant the use of plaintiffs' lands without compensation. Manifestly that is illegal. I think the plaintiffs do not have to await the convenience of the defendant in removing its dam until the plaintiffs are ready to build their mill and take the chances of the law's delays in obtaining an injunction then or wait until they have a chance to sell their property, and then perhaps lose a purchaser in the delay of obtaining possession of their own property. I think they are entitled to possession now as was found by the trial court.

This court is already committed to the proposition that where a dam is maintained which floods in times of high water only back upon property of adjacent upstream owners an injunction will issue to restrain such unlawful use of the lower riparian owner's lands. See unanimous opinion of this court in Brown v. Ontario Talc Company, 81 App. Div. 273, 80 N. Y. Supp. 837. That case was not so strong for the plaintiff as is this case, as plaintiff's lands there were flooded only in time of freshet, while here plaintiffs' lands are flooded every time defendant's dam is full.

The judgment appealed from should be affirmed, with costs and disbursements to the plaintiffs.