## CITY OF BUFFALO v. BUFFALO GAS CO.

(Supreme Court, Special Term, Erie County. September, 1908.)

INJUNCTION—TEMPORARY INJUNCTION—GROUNDS.

A city, failing to invoke the power of the Public Service Commission to establish rates for gas furnished it for street and public building lighting purposes by a gas company, and declining to pay the bills rendered by the company for gas supplied on the ground that the rates charged are

excessive, is not entitled to a preliminary injunction to restrain the company from turning off the supply of gas, unless it pays the admittedly just rates for the gas received, without prejudice to either it or the company to establish any other sum as the reasonable value of such gas.

Action by the city of Buffalo against the Buffalo Gas Company. Heard on motion to vacate a temporary injunction. Conditionally denied.

L. L. Babcock, for the motion.
L. E. Desbecker, opposed.

BROWN, J. From July 1, 1907, defendant has furnished artificial illuminating gas to plaintiff for street and public building lighting purposes, rendering bills therefor at the rate of 95 cents per 1000 feet. The plaintiff has declined to pay such bills, contending that such gas is only worth 75 cents per 1000 and assumes the right to liquidate and pay defendant's claim at such rate. Bills amounting to $131,658.12 having accumulated, the defendant notified plaintiff that, unless such account was paid, the gas for street and public building lighting would be turned off September 10, 1908. To restrain defendant from turning off such gas, plaintiff brought this action, and procured a temporary order enjoining defendant from such act. Defendant moves to vacate such injunction.

Upon the argument the testimony taken by the Commission of Gas and Electricity in the spring of 1907 touching the rate per 1000 defendant could legally charge for gas furnished plaintiff was read. From such testimony it clearly appears that the defendant would be justified in charging a rate of at least 75 cents per 1000. In fact the Commission of Gas and Electricity made an order that on and after September 1, 1907, the maxium price for gas which could be charged to consumers by defendant should be fixed at 95 cents per 1000. Owing to the fact that the Court of Appeals decided the statute under which the Commission of Gas and Electricity assumed to act was in many particulars unconstitutional, neither party to this action has recognized such order fixing the rate at 95 cents per 1000 as of any force; the plaintiff contending that in any event such order simply referred to gas furnished private consumers, while defendant contends that it was an adjudication fixing the rate defendant must pay for gas in lighting streets and public buildings.

It is very apparent that the differences between the parties cannot be settled until it is determined by an authoritative adjudication what would be a reasonable rate for defendant to charge plaintiff for its gas. For the gas already furnished this court has ample power to determine its value and adjudicate upon plaintiff's present indebtedness; but the power to determine what rate may be legally charged for future gas has been lodged by the Legislature with the Public Service Commission, and that power can only be invoked by the plaintiff. The defendant is denied the right to institute any proceedings looking to the establishment of a rate for the future, and the plaintiff refrains from so doing, contenting itself with using defendant's gas, declining to pay for it, and invoking the equitable power of

the court restraining defendant from turning off the gas. Counsel for plaintiff does state, however, that plaintiff will pay 65 or 70 cents per 1000 for gas already used, and pay any balance that may be found due defendant upon the trial of this action, or that plaintiff will pay 75 cents per 1000 in full for all gas used up to time of commencement of the action.

It would be unjust to permit the use of the power of the court to prohibit the defendant from shutting off the gas supply to plaintiff's streets and buildings so long as the officers of the plaintiff arbitrarily refuse to pay a reasonable rate therefor. It does not seem unjust to compel the plaintiff to pay for what gas it has already consumed at a rate that is conceded by plaintiff to be reasonable. The establishment of a fixed rate for future gas is entirely in plaintiff's hands. The defendant is powerless to institute such a proceeding. The plaintiff asks the court to protect it against the only step that the defendant can take so as not to be compelled to longer furnish gas that plaintiff will not pay for. With the refusal of the plaintiff to pay the rate of 95 cents per 1000 fixed by the Commission of Gas and Electricity, or to pay the rate of 75 cents conceded by the plaintiff to be just, and await the determination of what is a legal rate, the plaintiff takes a position so manifestly unfair that its injunction order prohibiting defendant from shutting off its gas cannot longer be continued.

The motion will be denied, without costs, upon condition that plaintiff pay to defendant, within 10 days from date of entry and service of order to be entered hereon, a sum equivalent to 75 cents per 1000 cubic feet for gas used by plaintiff since July 1, 1907, which payment shall be without prejudice to either party hereto to establish any other sum as the reasonable value of such gas. In the event the plaintiff shall fail to make such payment, an order may be entered at the expiration of said 10 days vacating the temporary injunction granted herein on the 10th day of September, 1908, with $10 costs.