POND v. NEW ROCHELLE WATER CO.

(Supreme Court, Appellate Division, Second Department. October 7, 1910.)

1. JUDGMENT (§ 313*)—INCONSISTENT AMENDMENTS—POWER TO ALLOW.

A decision was rendered for plaintiff, and judgment directed to be entered thereon that plaintiff, a private water consumer, was entitled to have his house and stable supplied by defendant water company through separate pipes at flat rates, the supply to be unlimited by meters or otherwise than by the size of the mains, and that defendant be enjoined from altering the terms of the supply. The decision was thereafter amended by reciting that it and the judgment were without prejudice to defendant's rights to maintain a meter installed in plaintiff's premises pursuant to an order of another justice for the purposes stated in said order, but not for the purpose of charging for water consumed at the metered rates. *Held*, that the amendment permitting a meter was inconsistent with the original decision and judgment, and was beyond the power of the Special Term.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 607; Dec. Dig. § 313.*]

2. JUDGMENT (§ 276*)—ENTRY—SERVICE OF NOTICE—NECESSITY.

In the absence of express direction by the court or special arrangement of the parties, notice of settlement of the form of the decision or judgment for plaintiff need not be served upon defendant.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 545; Dec. Dig. § 276.*]

Appeal from Special Term, Westchester County.

Action by Charles H. Pond against the New Rochelle Water Company. From an order amending a decision for plaintiff and the judgment rendered thereon, plaintiff appeals. Reversed, and motion denied.

See, also, 129 App. Div. 913, 114 N. Y. Supp. 1143.

Argued before WOODWARD, JENKS, THOMAS, RICH, and CARR, JJ.

Henry G. K. Heath, for appellant.
John J. Crennan, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

JENKS, J. This appeal is from an order of the Special Term that amends a decision upon trial at Special Term and the judgment entered thereon. At the conclusion of the trial each party submitted a decision. The court, without further notice, or requirement for settlement on notice, signed the decision submitted by the plaintiff, and the judgment directed in accord was entered. The judgment provided that the plaintiff as a private consumer of water was entitled to a supply of water to his house and to his stable through two separate service pipes, one to each, at—

"a flat rate not to exceed $22.50 per house and $5 per stable, per annum, such supply to be unlimited by meters or any other device other than the size of the taps or openings in the defendant's water mains, connecting such service pipes or pipe to house and to stable, and which taps or openings in said mains shall not exceed three-quarters (¾) of an inch, inside diameter, and with the right and privilege to the plaintiff to use such supply of water upon his premises, for the usual domestic uses of water, in and about the plaintiff's premises and buildings thereon, and the defendant, its officers and agents, are hereby permanently enjoined until October 22, 1924, from charging or exacting a greater charge than hereinbefore stated, and from varying or altering the terms and conditions of such supply."

The amendment of the decision is as follows:

"This decision and the judgment to be entered hereon are without prejudice to the rights of the defendant to maintain the meter installed in the plaintiff's premises in pursuance of the order of Mr. Justice Tompkins, entered September 10, 1908, for the purposes stated in said order, but not for the purpose of charging for the water consumed at the metered rates."

And the judgment is resettled by adding thereunto:

"It is ordered that this judgment shall be without prejudice to the rights of the defendant to maintain the meter installed in the plaintiff's premises in pursuance of the order of Mr. Justice Tompkins, entered September 10, 1908, for the purposes stated in said order, and not for the purpose of charging for the water consumed at the metered rates."

I think that the order must be reversed. The judgment expressly afforded the right to the plaintiff to take the water from the defendant in a supply "unlimited by meters," while the amendment affords the express right to the defendant to maintain a meter in the premises of the plaintiff. "'The purposes stated in said order" seem to be the regulation and limitation of the supply. Hence we have this situation. The judgment affords the right to a supply unlimited by meter; the amendment denies the right, save as limited by meter. The application of the defendant does not rest upon contention of any error or mistake, or that the decision is not in accord with the record; but, in the language of Andrews, J., in Stannard v. Hubbell, 123 N. Y., at page 527, 25 N. E., at page 1086, it is "to limit the legal effect of the judgment to meet some supposed equity subsequently called to its [the court's] attention." Such an order is, in the language of Freeman on Judgments, § 70, "clearly judicial and revisory, being devoted to correcting its supposed errors or its want of action, and not to making its records speak the truth." The same learned author points out in the same section, citing authorities, that in this state the omission from a decree of any matter which, if applied for on the hearing, would have been granted as a matter of course, "'as necessary or

proper to carry into effect the decision of the court,' will be supplied on motion."

But how can we assume, in the face of the direct provision of the judgment that the supply should be unlimited by meter, that the court upon the hearing would have awarded to the defendant the right to limit the supply by meter? For these reasons, I think that the order as made was not within the power of the Special Term. See, too, Heath v. N. Y. B. L. B. Co., 146 N. Y. 260, 40 N. E. 770; Bohlen v. M. E. R. Co. et al., 121 N. Y. 546, 24 N. E. 932. The defendant showed upon the application that no notice of settlement of the form of judgment or decision was served upon it. But I think that, in the absence of any express direction of the court, or of special arrangement of the parties, such notice was not requisite. See People v. Albany & Susquehanna Railroad Co., 57 Barb. 204.

The order is reversed, with $10 costs and disbursements, and the motion denied, with costs. All concur.