### POND v. NEW ROCHELLE WATER CO.

(Supreme Court, Appellate Division, Second Department. February 17, 1911.)

WATERS AND WATER COURSES (§ 203*)—PUBLIC WATER SUPPLY—WATER COMPANIES—REGULATIONS.

In discharging its legal duties to furnish water to the inhabitants of a village, a water supply company may make reasonable rules for the conduct of the business, and, if there is no other practical way of measuring the water, may install a meter showing the amount consumed by each individual, to prevent waste or misuse of water.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 290–299; Dec. Dig. § 203.*]

Appeal from Trial Term, Westchester County.

Action by Charles H. Pond against the New Rochelle Water Company. From a judgment for plaintiff, except in so far as amended and resettled, defendant appeals. Affirmed, as modified.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

Edwin T. Rice (John J. Crennan, on the brief), for appellant.
Henry G. K. Heath, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

JENKS, P. J. I think' that the evidence sustains the judgment for the plaintiff, and that the Court of Appeals has virtually disposed of the questions of law adversely to the defendant. Pond v. New Rochelle Water Co., 183 N. Y. 330, 76 N. E. 211, 1 L. R. A. (N. S.) 958.

But the appellant contends that in any event the judgment should be modified, so as to permit the maintenance of the meter that was installed in the premises of the plaintiff. The defendant hereto applied at Special Term and obtained an amendment of this judgment to that effect; but we reversed the order on the ground that that judgment was amended improperly and beyond the powers of the Special Term. Pond v. New Rochelle Water Co., 140 App. Div. 141, 124 N. Y. Supp. 1033. I think that the right to install and to maintain a meter was not within the issues of this case. If the question were up for decision, I would not be prepared to say that the defendant could not install meters and maintain them at its own expense. If one contract to supply a commodity, which, although not definitely measured by the contract, is nevertheless supplied for a specified purpose only, the supply may be thus limited without impairment of the contract. And the purveyor is not bound to trust the consumer to determine the needs of that purpose. This defendant, in that it has a public purpose intrusted to it, is a quasi public corporation. McEntee v. Kingston Water Co., 165 N. Y., at page 32, 58 N. E. 785; Olmsted v. Proprietors of Morris Aqueduct, 47 N. J. Law, at page 332. Its duty under its contract is to supply a means of life, not alone to the plaintiff, but to his fellow villagers and to the village. Section 81, Transportation Corporations Law (Consol. Laws, c. 63). And, in order to fulfill its obligation, it would have the right to make reasonable rules for the conduct of its business and the operation of its plant, and such rules may bind the consumers. Watauga Water Co. v. Wolfe, 99 Tenn. 429, 41 S. W. 1060, 63 Am. St. Rep. 841; Robbins v. Railway Co., 100 Me. 496, 62 Atl. 136, 1 L. R. A. (N. S.) 963; American Water Works Co. v. State of Nebraska, 46 Neb. 194, 64 N. W. 711, 30 L. R. A. 447, 50 Am. St. Rep. 610.

A rule or regulation to prevent the waste or misuse of water by any consumer does not necessarily make for the water company alone, but it may also make for the consumers, so as to afford to each an adequate amount of a necessary, furnished from a source more or less limited. If a system of water supply embraces the feature of service pipes, of which each carries the water furnished to a number of consumers, it is manifest that the quantity used by any one of that number must be determined at the point of diversion of the water to his separate use. If a water company could not determine the amount drawn by each consumer, then a consumer, under a contract right for a supply for house purposes, might use, without detection, water for power purposes, or for a fountain, or for an artificial pond, or to supply third persons, or he might, like Wolfe, in Watauga Water Co. v. Wolfe, supra, keep his hydrant open and the water in constant flow, on a plea for purity and freshness. If it appeared that there was no other practical way thus to measure such supply, then I think that the water company might adopt a rule

or regulation that afforded it the right to install, and to inspect at proper times, a meter that indicated the volume of individual consumption, not to limit it, in derogation of its contract, but to check waste or misuse. The courts should be alert to see that one party to a contract is not put at the mercy of another, lest injustice be done, whether from malice, negligence, or a practical wrongful construction of contract rights. "A party to a contract is bound to pay a reasonable regard to the interests of the other party, although his contract may not in terms require it." Selden, J., cited in Jones on Interpretation of Trade Contracts, at page 307. In Gause v. Commonwealth Trust Co., 196 N. Y. 144, 89 N. E. 479, 24 L. R. A. (N. S.) 967, the court say:

"The unexpressed and incidental powers possessed by a corporation are not limited to such as are absolutely or indispensably necessary to enable it to exercise the powers specifically granted. Whatever incidental powers are reasonably necessary to enable it to perform its corporate functions are implied from the powers affirmatively granted. But powers merely convenient or useful are not implied, if they are not essential, having in view the nature and object of the incorporation. People ex rel. Tiffany & Co. v. Campbell, 144 N. Y. 166, 172 [38 N. E. 990]; Thompson on Corporations (2d Ed.) § 2113; Frost on New York Corporations, 146."

It may be that it can be shown that, so far as this plaintiff is concerned, the contract between him and the defendant expressly authorizes the use of a meter. I find in the record that the application refers to a meter (although it is indefinite and was not explained), while the right of the defendant at all reasonable hours to enter the premises to examine the pipes and fixtures, the quantity of water, and the manner of its use, was expressly reserved. But it does not clearly appear whether the present status of the plaintiff is determined by that application.

The judgment is modified, so that it shall be without prejudice to any right which the defendant may hereafter establish to install and to maintain a meter in the premises to determine the quantity of water consumed, and, as so modified, it is affirmed, without costs. All concur.