(82 Misc. Rep. 304.)

## CITY OF BUFFALO v. BUFFALO GAS CO.

(Supreme Court, Special Term, Erie County.   October 21, 1913.)

1. CERTIORARI (§ 40*)—RIGHT TO WRIT—APPLICATION—TIME.

Code Civ. Proc. § 2125, provides that certiorari to review a determination must be granted and served within four months after the determination becomes final and binding on the relator. Section 2122 declares that the writ cannot be issued where the body or officer making the determination is expressly authorized by statute to rehear the matter on the relator's application, unless the determination to be reviewed was made on a rehearing, or the time for relator to procure a rehearing has elapsed. *Held* that, though Public Service Commissions Law (Consol. Laws 1910, c. 48) § 22, provides for a rehearing, it does not abrogate the limitation of four months established by section 2125 for obtaining a writ of certiorari, so that, where more than four months elapsed after the service of an order of the Public Service Commission fixing a gas rate to be charged the city of Buffalo without the issuance of a writ of certiorari to review the same, the city's right to the writ was barred, regardless of the time within which an application for rehearing was made and denied.

[Ed. Note.—For other cases, see Certiorari, Cent. Dig. § 58;  Dec. Dig. § 40.*]

2. GAS (§ 14*)—RATES—DETERMINATION—PUBLIC SERVICE COMMISSION—REHEARING.

An application to the Public Service Commission for rehearing of an order fixing gas rates to be charged a city must be made within a reasonable time after the filing of the order.

[Ed. Note.—For other cases, see Gas, Cent. Dig. §§ 10, 11;  Dec. Dig. § 14.*]

3. GAS (§ 14*)—RATES—HEARING—PUBLIC SERVICE COMMISSION—TIME—DISCRETION.

Whether the Public Service Commission shall grant a rehearing of an application to fix gas rates as authorized by Public Service Law, § 22, is a matter within the discretion of the Commission.

[Ed. Note.—For other cases, see Gas, Cent. Dig. §§ 10, 11;  Dec. Dig. § 14.*]

Suit by the City of Buffalo against the Buffalo Gas Company. On motion to set aside certain orders of injunction restraining defendant from charging the city more than 70 cents a thousand for gas consumed, etc.   Motion granted on condition.

Louis L. Babcock, of Buffalo, for the motion.
Clark H. Hammond, opposed.

WOODWARD, J.   On or ·about the 10th day of September, 1908, the plaintiff brought an action against the defendant for the purpose of compelling the latter to supply illuminating gas for the public uses of the plaintiff at a reasonable price and to restrain the defendant from discontinuing the supply of gas during the pendency of the action. A temporary injunction was granted on the said 10th day of September.   Subsequently the defendant moved to set aside such temporary

order of injunction. This motion resulted in an order denying the relief demanded on condition that the city of Buffalo pay to the defendant a sum equivalent to 75 cents per thousand feet for all gas consumed by the plaintiff up to the time of bringing the action, without prejudice to either party to establish a different price upon the trial of the action. Subsequently, on appeal to the Appellate Division (128 App. Div. 918, 113 N. Y. Supp. 1128), this order was modified by reducing the amount to be paid to 70 cents per thousand cubic feet, and, as thus modified, affirmed, and the city of Buffalo paid up the amount so fixed and since that time has been paying for gas at the rate thus established, contracting with the Welsbach Street Lighting Company of America to furnish gas for street lighting at a given price from the defendant's mains as though the city of Buffalo were itself the owner of such gas and without any participation in the matter by the defendant company.

Since the above action was commenced, the defendant, as appears by the moving affidavit, has made repeated efforts to induce the plaintiff to join in an effort to determine the proper price to be paid for the gas used by the city of Buffalo, but without avail, and that after an amendment of the Public Service Commissions Law, giving the defendant the right to file a complaint against the city of Buffalo, the defendant instituted a proceeding against the plaintiff for the purpose of arriving at a proper price for its product, and this proceeding was tried before the Public Service Commission, resulting in an order, bearing date of February 5, 1913, by which it was found that the just and reasonable maximum price to be charged by the Buffalo Gas Company for gas to be furnished to the city of Buffalo is the sum of 90 cents per thousand cubic feet. This order appears to have been served upon the city of Buffalo on the 5th day of April, 1913. The defendant since that time has been billing its gas to the said city of Buffalo at the rate of 90 cents per thousand cubic feet, but the said city of Buffalo neglects and refuses to make payments upon this basis, and the action in the meantime remains untried.

On the 15th day of September, 1913, more than five months after the service of the order of the Public Service Commission upon the city of Buffalo, the plaintiff in this action filed a petition with the Public Service Commission asking for a rehearing and demanding a copy of the opinion of said Commission in determining the proceeding, which, of course, constituted no part of the determination, unless specially made a part thereof, and on the 24th day of September, 1913, the said Commission made an order denying a rehearing and a few days later furnished a copy of its opinion on the original determination to the corporation counsel of the city of Buffalo. It is now urged on the part of the city of Buffalo that it is its present intention to review the order of the Public Service Commission by a writ of certiorari, and this appears to be the principal ground upon which it opposes the present motion to vacate the injunction orders granted in 1908, and under the provisions of which it is contracting to supply gas to the Welsbach Street Lighting Company and refusing to pay

to the defendant the price which has been established by the Public Service Commission. It becomes important, therefore, to consider whether there is still an opportunity to review the order of the Public Service Commission.

[1] Section 2125 of the Code of Civil Procedure provides that, subject to the provisions of section 2126 (which has no relation to the matter now before us), "a writ of certiorari to review a determination must be granted and served within four calendar months after the determination to be reviewed becomes final and binding upon the relator, or the person whom he represents, either in law or in fact." Obviously the "determination to be reviewed" is the determination made in the order of February 5, 1913, for the order denying a rehearing rests entirely in the discretion of the Commissioners, and more than five calendar months elapsed between the time of serving this original order making the "determination to be reviewed" and the application for a rehearing. It is suggested, however, that under the provisions of section 2122 of the Code of Civil Procedure a writ of certiorari cannot be issued "where the body or officer making the determination is expressly authorized by statute to rehear the matter upon the relator's application, unless the determination to be reviewed was made upon a rehearing, or the time within which the relator can procure a rehearing has elapsed," and that section 22 of the Public Service Commissions Law provides for such rehearing, and the city of Buffalo could not secure the writ until after it had exhausted its remedy by way of a rehearing. But does this operate to abrogate the limitation of four months established by section 2125 of the Code of Civil Procedure? It is true, as pointed out by the respondent, that the Public Service Commissions Law does not prescribe any limitation upon the time within which a rehearing may be applied for in express language, but this very absence of a particular limitation operates to limit the time, for it is particularly within the spirit of a rehearing that it should follow immediately upon the determination, while the matter is fresh in mind, unless a longer time is provided by statute. "Aside from the statute," says the court in Pratt v. Keils, 28 Ala. 390, "the court cannot grant a rehearing unless the application is made before the end of the term, and the effect of the enactment is to extend the period within which the petition may be filed." The statute itself appears to recognize this limitation, for it is provided that "after an order has been made by a Commission any party interested therein may apply for a rehearing," etc.

[2] It makes no mention of the order being served; it is "after an order has been made" that the right is given to make an application for a rehearing; and, while it is probably true that the rigid rule of courts would not be applied, it is certainly incumbent upon a party interested to move within a reasonable time if it is intended to ask for a rehearing, and the provisions of section 2122 of the Code of Civil Procedure were not intended to increase the time within which a writ of certiorari might issue. It cannot issue at all where the statute provides for a rehearing, "unless the determination to be reviewed

was made upon a rehearing, or the time within which the relator can procure a rehearing has elapsed." The order was made on the 5th day of February. There was a period of two months after the order was made before the same was served upon the plaintiff, and during this time (twice the length of time permitted for an appeal to the Appellate Division [section 1351, Code of Civil Procedure]) the plaintiff had full authority to make an application for a rehearing. Then the order was served and became binding upon the plaintiff. That order was served on the 5th day of April, and the four months fixed by the Code of Civil Procedure in which a writ of certiorari might issue expired on the 5th day of August, but it was not until the 15th day of September that the plaintiff made an application for a rehearing, and this was denied on the 24th day of September, and we are now asked to hold, for the purposes of this motion, that the plaintiff is still entitled to a writ of certiorari to review the order of February 5th. We are of the opinion that the right does not survive the four months' period from the time this order became effective.

[3] Assuming the petition for a rehearing to have been duly made, the statute does not require the Commission to give a rehearing. It makes it discretionary with the Commission. It is given the power to "grant and hold such rehearing if in its judgment sufficient reason therefor be made to appear." The denial of the application is a determination on the part of the Commission that "sufficient reason therefor" has not been made to appear, and it must be presumed that this determination would have been made at any time after the original order was made in February, so that an application for a writ of certiorari made at this time would not be for the purpose of reviewing a determination made upon a rehearing, and the legitimate time in which an application for a rehearing could be made had elapsed long before the order of February 5th became effective. The fair scope of subdivision 3 of section 2122 of the Code of Civil Procedure, read in connection with section 2125 of the Code of Civil Procedure and section 22 of the Public Service Commissions Law, is that the writ might issue to permit of a review of the original order of February 5th any time within four calendar months of the time that the order became effective by service upon the proper parties, where the plaintiff had neglected to make an application for a rehearing until it was too late to get a review of such order by the Commission having jurisdiction. That is the statute (section 2122, Code Civil Pro.) intended to deny to a party any right of review by certiorari of an original order where there was a provision of the statute providing for a rehearing, except in a case where the time had expired in which the relator could procure such rehearing. If, for instance, the particular statute provided that an application for a rehearing should be made within ten days of the time the order was made, and the aggrieved party should permit this ten days to expire, the writ might issue to review the original order rather than an order which might have been made upon an authorized rehearing but without any intention of increasing the time limited by section 2125 of the Code of Civil Procedure. In the

instant case there was absolutely no move made for a rehearing until after the four months had expired. Indeed, it was more than six months from the making of the order to the filing of the petition for a rehearing; and, when we take into consideration the nature of a rehearing, it must be concluded that the Legislature never intended that a party's rights should be enlarged by a mere neglect to act under the provisions of a statute designed to grant a privilege.

Taking this view of the question, there does not appear to be any very good reason why the defendant should be compelled to continue furnishing gas to the plaintiff at an arbitrarily determined price, where a competent tribunal has fixed the rates at an advance of 20 cents per thousand feet and the plaintiff has taken no steps to review that determination. However, it would be in the nature of a public calamity to have the gas service discontinued during the time that it may be necessary to adjust to the present situation, and we have reached the conclusion that the motion should be granted to take effect in 30 days from a service of notice upon the plaintiff of the entry of the order, unless the plaintiff shall in the meantime consent to a trial of the action before a referee or to an adjustment of the controversy between the parties.

Motion granted, with $10 costs; order to be settled by the court as above indicated.