In the Matter of the Application of the NEW YORK CENTRAL RAILROAD COMPANY, Petitioner, for a Certiorari, *v.* PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, and WILLIAM A. PRENDERGAST, WILLIAM R. POOLEY, CHARLES VAN VOORHIS, OLIVER C. SEMPLE and CHARLES G. BLAKESLEE, as Public Service Commissioners of the State of New York, Being Members of Said Commission, Defendants.

Supreme Court, Albany Special Term, May (Received June, 1923).

Certiorari — application to review determination of public service commission must be made within four months — rehearing before commission does not affect the limitation — Public Service Commission Law, § 22 — Civil Practice Act, § 1288.

An order made by the public service commission on November 23, 1922, in the matter of a complaint of the town board and board of highway superintendents of a town against the railroad company as to the repair of certain roadways

and sidewalks in the town, was served on the railroad company on December 6, 1922. Under section 22 of the Public Service Commission Law an application for a rehearing was made on January 3, 1923, and an order denying the same was made the next day and served on January tenth. An order of certiorari to review the determination of the public service commission, granted on April 23, 1923, and served, was vacated *ex parte* on April twenty-sixth. Upon denial of a motion to vacate and set aside the latter order, *held*, that the determination of the public service commission became final and binding at the time of the making of the order of November 23, 1922, and the order of certiorari not having been granted within four calendar months thereafter, as provided by section 1288 of the Civil Practice Act, was properly vacated.

MOTION to vacate and set aside an order granted *ex parte*, which vacated an order of certiorari to review determination of public service commission.

*Locke, Babcock, Spratt & Hollister (Robert E. Whalen*, of counsel), for petitioner.

*Ledyard P. Hale (Russell B. Burnside*, of counsel), for Public Service Commission.

STALEY, J. It appears that on November 23, 1922, the public service commission made its order in the matter of the complaint of the town board and board of highway superintendents of the town of West Seneca, Erie county, against the petitioner herein, as to the repair of certain roadways and sidewalks in said town. This order was served on the petitioner on December 6, 1922, and application for a rehearing was made as authorized by section 22 of the Public Service Commission Law on January 3, 1923. An order denying a rehearing was made on January 4, 1923, and served on January tenth. On April 23, 1923, a certiorari order was granted and served. This latter order was vacated *ex parte* on April twenty-sixth, and the petitioner now seeks an order vacating and setting aside this latter order.

The sole question involved is, whether the certiorari order was granted and served within the limitation of time fixed by statute, and this depends upon a decision as to when the determination sought to be reviewed became final and binding. The petitioner contends that it became final and binding at the time when the application for rehearing was denied, and the public service commission contends that it became final and binding at the time of the making and service of the original order.

Section 1288 of the Civil Practice Act provides as follows: "Subject to the provisions of the next section, a certiorari order to review a determination must be granted and served within four calendar months after the determination to be reviewed becomes

Matter of New York Cen. R. R. Co. *v.* Pub. Serv. Comm. **129**

Misc. 127]                    Supreme Court, June, 1923.

final and binding, upon the petitioner or the person whom he represents, either in law or in fact."

Section 1286 of the Civil Practice Act provides in part as follows:

" Except as otherwise expressly prescribed by statute, a certiorari order cannot be granted in either of the following cases.

" 3. Where the body or officer making the determination is expressly authorized, by statute to rehear the matter upon the petitioner's application; unless the determination to be reviewed was made upon a rehearing, or a rehearing has been denied, or the time within which the petitioner can procure a rehearing has elapsed."

The petitioner urges with force and emphasis that because the certiorari order cannot be granted until application for rehearing, if made, has been denied, the order does not become final and binding until the date of such action, and the four months' limitation of section 1288 does not begin to run until the date of such denial. This view is not justified by the law as expressed in the statutes and the decisions.

Section 22 of the Public Service Commission Law provides: " After an order has been made by a commission any corporation or person interested therein shall have the right to apply for a rehearing in respect to any matter determined therein, and the commission shall grant and hold such a rehearing if in its judgment sufficient reason therefor be made to appear; if a rehearing shall be granted, the same shall be determined by the commission within thirty days after the same shall be finally submitted. *An application for such a rehearing shall not excuse any corporation or person from complying with or obeying any order or any requirement of any order of the commission, or operate in any manner to stay or postpone the enforcement thereof except as the commission may by order direct.* If, after such rehearing and a consideration of the facts, including those arising since the making of the order, the commission shall be of opinion that the original order or any part thereof is in any respect unjust or unwarranted, or should be changed, the commission may abrogate or change the same. An order made after any such rehearing abrogating or changing the original order shall have the same force and effect as an original order *but shall not affect any right or the enforcement of any right arising from or by virtue of the original order.*"

Under this section an application for rehearing does not excuse obedience to any order nor operate to stay or postpone its enforcement except as may be ordered by the commission. An application for rehearing must be made within thirty days after service of the order, according to the rules of practice of the public service com-

mission, and if a rehearing shall be granted, the same shall be determined by the commission within thirty days after the same shall be finally submitted.    § 22.

As the public service commission is authorized to rehear matters decided by it, an order to review its decisions cannot be granted under section 1286 of the Civil Practice Act (1) unless the determination to be reviewed was made upon a rehearing, (2) unless a rehearing has been denied, or (3) unless the time within which the petitioner can procure a rehearing has elapsed.

The evident purpose of this section is to require the petitioner to exhaust his remedy before the commission before applying for an order to review its decisions.    It may apply for a rehearing or waive its right to do so, but it cannot obtain a certiorari order until it has done so, or waived its right by permitting the time to elapse within which application must be made.

These provisions do not, however, affect the finality or binding force of the original order.    They simply provide the conditions under which the petitioner may invoke the power of the court to permit a review of a determination of the commission.    It is the original order of November 23, 1922, which embodies the determination to be reviewed.    The power to grant or deny an application for rehearing is one resting in the discretion of the commission and such application, by express provision of the statute, does not affect its binding force or enforcibility.

In support of the argument advanced by petitioner, the possibility of the failure by the commission to dispose of an application for rehearing until after the expiration of four months from the date of the original order is stressed in favor of the adoption of the date of the denial of such application as the time from which the four months' period begins.    The obvious answer is that that is not the situation disclosed on this application.

It has been established that the right to review does not survive the four months' period from the time the order became effective. *City of Buffalo* v. *Buffalo Gas Co.*, 82 Misc. Rep. 304; affd., 160 App. Div. 914.

Order may, therefore, be entered denying the application, with ten dollars costs.

Ordered accordingly.