Michael Catalano, J.
The plaintiff moves for an order “ restraining the City of Lockport, its agents, servants and employees during the pendency of this action, from discontinuing water service or the furnishing of water as at present in accordance with the agreements presently in force between the parties. ’ ’ The moving affidavit refers to the contracts executed by the Town Board of the Town of Lockport with the City of Lockport *342 in behalf of Carlisle Gardens Water District No. 1 and Lincoln Village Water District No. 1; it incorporates the allegations of the verified complaint, it states, in effect, that payment has been made to the defendant for said water districts for all water service at 40 cents a 100 cubic feet in accordance with said agreements ; that the defendant claims it is entitled to 60 cents a 100 cubic feet on the basis of a change of rates made October 21, 1957; that said changes violated these agreements, were retroactive and invalid, were seven times greater than water rates paid by the same users within the city of Lockport; were discriminating, confiscatory and unconstitutional; that on July 11, 1958 the defendant wrote a letter to the plaintiff “ stating that unless all current bills are paid within ten days from the date of receipt of said letter, the water service would be discontinued to the water districts in the Town of Lockport ”, that affected are 175 families and De Sales High School; that the plaintiff has commenced an action for a declaratory judgment against the defendant; that the defendant seeks only money damages to be paid from taxes assessed against the properties within said water districts; that the defendant is amply protected in recovering for said water service; that the plaintiff has no adequate remedy at law; that the defendant “ knowing that there are questions of law involved in collecting for such water service at the rates legislated by them has threatened to cut off the water supply affecting approximately 1500 people.”
The opposing affidavit, executed by the corporation counsel of the defendant, states that the said contracts have no termination date; “ that there is no limitation or qualification in either contract that that change (as to rates) must be by mutual consent ’ ?; that those contracts may be terminated without notice and at will by either party; that the rates charged are reasonable and fair.
At a regular meeting of the common council of the defendant held on October 28, 1957, it was: ‘ ‘ Resolved, that effective at once and retroactive to June 1st, 1957, CODÉ D of the water rates as adopted by the Common Council on October 30th, 1950, be and the same are hereby amended as follows: CODE D. Water Districts outside City Limits of Lockport, Rate $ .60 per 100 cu. ft. Seconded by Alderman Miller and adopted. Ayes —10.”
Section 877 of the Civil Practice Act entitled, “ Injunction, when the right thereto depends upon the nature of the action ’ ’ provides: “ Where it appears from the complaint that the plaintiff demands and is entitled to a judgment against the defendant restraining the commission or continuance of an act, the commis *343 sion or continuance of which during the pendency of the action would produce injury to the plaintiff, an injunction order may be granted to restrain it. The case provided for in this section is described in this act as a case where the right to an injunction depends upon the nature of the action.”
Our Supreme Court has inherited the principle established very early in the English common law, that the Chancellor could restrain action which would cause irreparable injury. (Schwartz v. Lubin, 6 A D 2d 108, 110.) This inherent power in the court has been guaranteed constitutionally (N. Y. Const., art. VI, § 1) and by statute (Civ. Prac. Act, § 64). Since early times, the Supreme Court has properly enjoined public officers from violating the law to the prejudice of public or private rights, regardless of lack of precedent or novelty of the case. (Schwartz v. Lubin, supra, p. 111.)
The granting of a temporary injunction, pending final hearing, is within the sound discretion of the trial court (Prendergast v. New York Tel. Co., 262 U. S. 43, 50; Jenkins v. Marsh, 225 App. Div. 401, 402). This is a proper remedy to preserve the status quo during the pendency of a suit and until the respective rights of the parties are decided. (Prescott & Son v. Nye, 223 App. Div. 356, 357.) Each such application should be determined upon its its own particular facts. (Loukes v. Payne, 140 App. Div. 776, 778.)
In this case, the defendant is engaged in the solemn public purpose of supplying water to many people. “ Its duty under its contract is to supply a means of life ” (Pond v. New Rochelle Water Co., 143 App. Div. 69, 71, affd. 206 N. Y. 719). “ The courts should be alert to see that one party to a contract is not put at the mercy of another, lest injustice be done, whether from malice, negligence, or a practical wrongful construction of contract rights.” (Pond v. New Rochelle Water Co., 143 App. Div. 69, 72, supra.)
The plaintiff also seeks a declaratory judgment pursuant to section 473 of the Civil Practice Act. That section provides: The supreme court shall have power in any action or proceeding to declare rights and other legal relations on request for such declaration whether or not further relief is or could be claimed, and such declaration shall have the force of a final judgment.”
The complaint specifies the precise rights and other legal relations of which a declaration is requested, including the further relief “ including an injunction enjoining the City of Lockport from shutting off the water service to the plaintiff.” (See Rules Civ. Prac., rule 210.)
*344 Taking as true the complaint’s statements, this suit becomes one to define and settle, as between the supervisor and chairman of the Town Board of the Town of Lockport in behalf of many third-party beneficiaries, the plaintiff, and City of Lockport, the defendant, conflicting claims concerning retroactive water rates, barred invoices for water services, unconstitutional water rates and certain further relief. Whether the complaint seeks too much does not spoil this adequate complaint, for the trial court will determine that. (See Niagara Falls Power Co. v. White, 292 N. Y. 472, 479, 480.)
It would be in the nature of a public calamity to have the water service discontinued during the time that it may be necessary to adjust the present situation. Therefore, the motion should be granted restraining the defendant, its agents, servants and employees during the pendency of this action from discontinuing this water service, provided that the water rates of 60 cents a 100 cubic feet be paid, which payment shall be without prejudice to either party hereto. (See City of Buffalo v. Buffalo Gas Co., 60 Misc. 550, mod. 128 App. Div. 918; City of Buffalo v. Buffalo Gas Co., 82 Misc. 304, affd. 160 App. Div. 914.)
Motion granted, without costs. Prepare and submit order accordingly.