(60 App. Div. 344.)

JOHNSTOWN MIN. CO. v. BUTTE & B. CONSOL. MIN. CO. et al.

- (Supreme Court, Appellate Division, First Department.   April 29, 1901.)

1. INJUNCTION—SHOWING INTEREST.
     Injunction will not be granted where it is not shown that plaintiff is possessed of any substantial right which will be injured if the injunction is not granted.

2. INCONSISTENT SUITS.
     Plaintiff, by maintaining proceedings to condemn a right, asserts that he does not possess it, so that he cannot maintain suit to reform a contract to give him that right.

3. COMITY OF COURTS.
     Interference with the depositing of refuse on land in another state, the right to do which is claimed, under a contract when reformed as prayed for, will not be enjoined; the courts of such state having heretofore taken jurisdiction and adjudicated on the rights of the parties in their several controversies.

Appeal from special term, New York county.

Action by the Johnstown Mining Company against the Butte & Boston Consolidated Mining Company, impleaded.  From an order denying a motion to resettle such order, plaintiff appeals.  Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Franklin Bien, for appellant.

Louis Marshall, for respondent.

HATCH, J.   The plaintiff brought this action for the purpose of reforming a certain contract executed by the defendant and one Heinze, whereby certain rights were acquired to make use of certain premises owned by the defendant for dumping slag and refuse from the plaintiff's mining plant.  Heinze conveyed his interest in the contract to the Montana Ore-Purchasing Company, and the plaintiff claims some interest in such contract.  So far as important to any question arising upon this appeal, the question in dispute appears to be as to the rights of the plaintiff to have a reformation of the contract, authorizing it to deposit tailings from the plaintiff's concentrator.  The contract authorized Heinze to deposit slag from the smelter which was located upon the leased premises, the subject of the contract.  Heinze, or his successor in interest, erected upon a lot adjoining the premises upon which the smelter stood, but not embraced within the contract of lease, a concentrator, which, in the process of reducing ore, produced a substance termed "slag," and this substance it deposited upon the same lot that it was authorized to deposit tailings upon from the smelter.  The defendant brought an action in the United States circuit court for Montana, in equity, to prevent the Montana Ore-Purchasing Company from depositing slag and tailings upon the premises.  This action proceeded to judgment, wherein it was determined that under the contract the right only existed in the Montana Ore-Purchasing Company to deposit tailings from the smelter, and that no right existed to deposit slag or other refuse from the concentrator.  By this action, therefore, it is sought to reform the contract of lease so as to em-

70 N.Y.S.—17

body therein an agreement, claimed to exist, authorizing it to deposit slag from the concentrator, which was omitted by mistake from the contract; and the plaintiff, having succeeded to some interest in the rights under the contract, brings this action for a reformation of the same.

There are several grounds why the injunction which it is sought by this motion to obtain should be denied. It by no means clearly appears that plaintiff has any such interest in the reformation of this contract or otherwise as entitles it to injunctive relief. The averments of the complaint are to the effect that certain representations were made to it by the Montana Ore-Purchasing Company, showing that under the contract the right existed to deposit the slag from the concentrator. The complaint then avers that the plaintiff acquired a certain interest from the Montana Ore-Purchasing Company in certain property, including an interest in the agreement sought to be reformed; that it parted with a valuable consideration therefor in reliance thereon, and became the owner as aforesaid of an undivided interest in the property and contract, and the various easements and rights arising thereunder; and that it is unwilling to go to any further expense in relation thereto until it is finally settled that the statements made to the plaintiff by the ore-purchasing company are true, and that the interest and easements under the contract existed, and were as represented at the time of the purchase. These are the only averments of the complaint which throw any light whatever upon the present interest and right of the plaintiff in and to the contract sought to be reformed. It is quite evident, therefore, that the allegation of interest and right in the plaintiff to maintain this action is entirely insufficient to show that it is possessed of any right whatever which would induce a court of equity to enjoin the defendant or any other person from interference therewith. The averment is consistent with an interest so slight as would not require protection, and of a character which it would be entirely improper to protect. Before an injunction will be awarded, the party applying therefor must clearly show that he is possessed of a substantial right, from which injury will flow unless the acts of which complaint is made are restrained. There is nothing in the voluminous record presently before this court to show that the plaintiff has acquired or will derive any substantial benefit by reason of the interest of which it claims to be possessed, if an injunction be granted, or that it will suffer any injurious invasion of its rights if it be denied. Clearly, then, it has not made out a case entitling it thereto. In addition to this, it appears that there is a binding adjudication upon the plaintiff's predecessors in interest, showing that no such right as it claims presently exists is secured by the contract. It is a well-settled rule of law that, before a person becomes entitled to the reformation of a contract upon the ground of mistake, it must be made clearly to appear by unequivocal and satisfactory proof that a mistake was made. Nevius v. Dunlap, 33 N. Y. 676; Southard v. Curley, 134 N. Y. 148, 31 N. E. 330, 16 L. R. A. 561. In the present case it is clear that, aside from the question of interest in the plaintiff entitling it to injunc-

tive relief, its proofs are entirely insufficient to meet the requirements of this rule. The judgment of the circuit court, as it stands, is res adjudicata of the rights under the contract as they exist; and, in addition thereto, it appears that the plaintiff has instituted proceedings to condemn the rights in the land, to deposit its refuse upon the premises, and in such proceeding the plaintiff avers "that said plaintiff had not acquired any right to use the said land for the purposes hereinabove mentioned, or for the purpose for which the same is sought to be condemned, by agreement between the parties, other than the rights acquired by said F. Augustus Heinze, the predecessor in interest of these plaintiffs, in and to the said land, as contained in the said agreement hereinbefore referred to." The agreement therein mentioned is the same agreement now sought to be reformed, and under which the plaintiff claims. In other words, the plaintiff, in the condemnation proceedings, makes the unreformed contract the basis for the proceeding, and then states that its only right and interest is such as is expressed therein. So that by the terms of the contract as judicially construed, and the sworn allegation of the petitioner, the plaintiff shows clearly that it is not entitled to any reformation of the instrument sought in this action to be reformed. It is a familiar principle of law that, where a person possessing a right resorts to a proceeding to condemn another's land for its purposes, he thereby admits title to the land to be in the person of whom it is sought to be taken. Village of Olean v. Steyner, 135 N. Y. 341, 32 N. E. 9. The relief which the plaintiff seeks in this action is to have the contract, in terms, express a right to the easement which in the Montana court it seeks to obtain by proceedings in condemnation of the right. It is apparent that the two claims are inconsistent. One asserts that the plaintiff is possessed of the right by contract; the other, that it is possessed of no such right, but, to secure it, invokes the authority of eminent domain. It is clear, therefore, that, upon the plaintiff's own showing, it is not entitled to the relief which it asks.

We think, also, that the same reasons exist for denying relief as were previously found sufficient in denying injunctive relief in another action wherein the rights of the parties were involved. The premises in controversy are situate in the state of Montana; the right which the plaintiff seeks to exercise is to be exercised there; and the Montana courts, state or federal, have heretofore taken jurisdiction and adjudicated upon the rights of the parties in their several controversies. We think now, as before, that it would be an unseemly exercise of power for this court to attempt interference in such conditions by the mandate of injunction. Montana Ore Co. v. Butte & Boston Min. Co., 44 App. Div. 136, 60 N. Y. Supp. 684.

The application for the injunction was therefore properly denied, and the order should be affirmed, with $10 costs and disbursements.

So far as the appeal from the order denying a resettlement of the order appealed from is concerned, we think it should also be affirmed. If it be assumed that there was any irregularity in submitting the answer,—which we do not think there was,—the plaintiff was not prejudiced. It is quite evident that the clause of the an-

swer to which objection was made could in no wise change the result, and it was stipulated out of the record by counsel for the defendant. So that in no view was the plaintiff prejudiced. This order should therefore be affirmed, with $10 costs and disbursements. All concur; VAN BRUNT, P. J., on last ground.