(164 App. Div. 44)

### DURYEA v. AUERBACH et al.

(Supreme Court, Appellate Division, Second Department. October 16, 1914.)

INJUNCTION (§ 136*)—VIOLATION OF COVENANT—INJUNCTION PENDENTE LITE.

Upon a proceeding to enjoin defendants from selling liquor on certain premises in violation of covenants contained in a deed, in which the record indicated that the principal defense would be that such covenants had become unenforceable by reason of radical changes in the conditions in the locality, and waiver, which issue could not well be tried by affidavits, and should not be unless circumstances almost compelled that course, an injunction pendente lite would not be disturbed, although, as plaintiff had halted, the defendants might move for a vacation of the order, if plaintiff was not ready for trial at the earliest possible moment.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 305, 306; Dec. Dig. § 136.*]

Appeal from Special Term, Nassau County.

Action by Daniel P. Duryea against Meyer Auerbach and Mary E. Maxon. From an order of Special Term, granting an injunction pendente lite, defendant Maxon appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

David M. Neuberger, of New York City, for appellant.

Henry A. Uterhart, of New York City (Alfred M. Schaffer, of New York City, on the brief), for respondent.

PER CURIAM. This appeal is from an order of the Special Term that grants an injunction pendente lite restraining the defendants from selling malt or spirituous liquors on certain premises in violation of covenants contained in a deed executed in 1880 and continued in certain mesne conveyances. The defenses are that such covenants have become inoperative, unenforceable, and obsolete by reason of the radical changes of the locality and neighborhood and of the conditions thereof, and waiver.

The record indicates that this invocation of the doctrine of Trustees of Columbia College v. Thacher, 87 N. Y. 311, 41 Am. Rep. 365, will be the principal defense. Such an issue cannot well be tried by affidavits, and should not be unless cogent circumstances almost compel such course. The general rule in this court is not to disturb this kind of an order. Smith & Sons Carpet Co. v. Ball, 137 App. Div. 101, 122 N. Y. Supp. 187; Heim v. N. Y. Stock Exchange, 138 App. Div. 96,

122 N. Y. Supp. 872.  On the other hand, the plaintiff, having thus halted the defendants, should not be allowed to rest; and if he is not ready for trial at the first possible moment, the defendants should be heard for a vacation of this order, which is now affirmed, with $10 costs and disbursements.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.