Ernest F. Jenkins, Respondent, *v.* Henry L. Marsh and Another, Appellants, Impleaded with Oak Hill Country Club and Others, Defendants.

Fourth Department, March 13, 1929.

*Arthur E. Sutherland,* for the appellant Henry L. Marsh.

*Raymond Bentley,* for the appellant Rebecca S. Kennedy.

*Eugene Van Voorhis,* for the respondent.

PER CURIAM. On an *ex parte* application made by the plaintiff before service of the answers of the defendants an order of temporary injunction was granted restraining the use of a certain driveway over property of the defendant Marsh except as an approach to a specified parcel of land. The defendants Marsh and Kennedy thereafter moved at Special Term upon affidavits to vacate the injunction, so far as it applied to them. This motion was denied by an order of the Special Term, which expressly stated that such denial was as a matter of law and not as a matter of discretion.

Ordinarily, the granting of a temporary injunction lies in discretion. (*Duryea* v. *Auerbach,* 164 App. Div. 44; *Smith & Sons Carpet Co.* v. *Ball,* 137 id. 100.) In this case the right to an injunction rests upon a restrictive covenant in a deed. We have reached the conclusion that the covenant is ambiguous. The granting or withholding of a temporary injunction could, therefore, in this case only rest in discretion. As the order appealed from, however, was not based on discretion, we are left in ignorance of the conclusion which the Special Term would have reached had discretion been exercised. Its exercise is, therefore, imposed on this court.

The use of the driveway during the pendency of the action in the manner restrained by the temporary injunction will not result in irreparable damage. It will not change the physical situation. Weighing the inconvenience to the plaintiff arising from the use against that to the defendants, appellants, arising from the restraint, we find the damage to the defendants, appellants, far outbalancing that to the plaintiff. We have, therefore, determined to vacate the injunction, so far as it relates to these defendants, appellants, solely as a matter of discretion and without interpreting the restrictive covenant or passing on any questions relating to the admissibility of evidence.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and CROSBY, JJ.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.