GEORGE B. SOMERVILLE, Plaintiff, *v.* ROBERT S. HORSLEY et al., Defendants.

Supreme Court, Special Term, Westchester County, August 23, 1949.

*Henry H. Sternberg* for plaintiff.

*Philip L. Graham* for defendants.

BAILEY, J. This is an action for an injunction and plaintiff makes application for a temporary injunction pending the trial, restraining defendant, a candidate for nomination as councilman in the city of Yonkers, from using plaintiff's name as a sponsor or supporter of defendant's candidacy.

The papers submitted on the motion develop that in May of this year defendant Horsley solicited the support of plaintiff in furtherance of his candidacy. Plaintiff's affidavit creates some doubt as to the immediate result of such solicitation but states that he is a member of a draft board and being such it was not desirable to align himself with any political party or with anyone seeking public office; the opposing affidavits of the candidate and his associates are to the effect that plaintiff gave his consent. In mid-June, however, plaintiff advised defendant that his name was not to be associated in any manner or form with defendant's candidacy.

In the interval a campaign letter had been written and printed which among other things contained plaintiff's name and the names of upwards of eighty other persons purporting to support defendant's candidacy. It is not clear when this letter was prepared but apparently it was some time after the latter part of May and mailed in early July, defendant stating that this was attended to by the committee and he was not familiar with all of the details. Upon the circulation of this letter plaintiff again communicated with defendant instructing him to discontinue the use of his name and on July 17th a letter was written by defendant wherein he undertook to assure plaintiff that his name would not again be used in the campaign to follow. It also appears that thereafter the name of the plaintiff on the unused letterheads was deleted; it further appears that an action for money damages has been instituted in the City Court of the City of Yonkers by plaintiff against defendant for damages because of the unauthorized use of his name.

The relief herein sought is a drastic one and not invoked unless it definitely appears that irreparable damage will result unless such relief is afforded. (*Elk St. Market Corp.* v. *Rothenberg,* 233 App. Div. 243.) It is true that the Civil Rights Law provides protection for those whose rights of privacy are invaded and section 51 of that statute grants a person the right to prevent others from using his name or picture for advertising or trade purposes; however, we have here a controversy between two friends or at least acquaintances for many years growing out of political differences, not unusual but always unfortunate. The candidate after a telephone conversation with his friend or acquaintance is satisfied that he has his support and acts accordingly; a short time later when the campaign is started something occurs to change or at least affect the attitude of the friend or acquaintance and the right of the candidate to use his name is challenged; a letter has already been prepared and ready to be mailed and what has been done may not be recalled; but arrangements are immediately made to delete the name from the literature and defendant also promises not to make any further use of the name in support of his candidacy. It is reasonable to assume that such promise will be respected for there was submitted on behalf of defendant, to be impounded by the court, a quantity of unused letterheads upon which plaintiff's name had appeared but had been expunged, with the representation that no other stationery or literature remained in defendant's possession upon which plaintiff's name appeared. If such promise and representations are not respected it is also reasonable to assume that the failure will be emphasized in the damage action now pending.

As to the criticisms, comments and epithets to which plaintiff has been subjected the tempo of which will increase as Primary Day approaches as set forth in plaintiff's affidavit, there were also submitted to the court newspapers and clippings which state in considerable detail plaintiff's position in this proceeding concerning defendant's candidacy, from which it may be assumed that a considerable part of the harm which plaintiff feels he may have suffered from the use of his name has been corrected by the publicity in the local press.

I am not persuaded that there has been shown that plaintiff will suffer irreparable damage if this application is not granted nor that the equitable power of this court should be exercised herein.

Application denied.