John F. Soileppi, J.
Motion by the plaintiff for summary judgment striking out the answer of the defendant and directing an assessment of damages. The action is for the specific performance of an agreement, dated May 31, 1957, pursuant to which the plaintiff and his wife conveyed certain property to the defendant and Joan Hopper, plaintiff’s daughter-in-law. The grantees agreed “ to hold both said properties in trust for the use and benefit of the said Joseph Hopper and Barbara Hopper, his wife; and further agree to reconvey each or both of said properties to the said Joseph Hopper and Barbara Hopper or either of them upon demand.” Joan Hopper reconveyed the property to the plaintiff in accordance with the foregoing agreement pursuant to demand, but the other grantee, the defendant herein, refused and failed to do so.
There is no question as to the execution of the agreement. It is contended in the opposing affidavit, which is made by the attorney representing the defendant, that at the time that this agreement was executed the co-owner of the property, Barbara Hopper, the mother of the defendant and the wife of the plaintiff, was about to enter a hospital for an operation, and that the transfer of the property was to remain in effect until said Barbara Hopper recovered from the operation and until she made request or demand that the property be reconveyed; that said Barbara Hopper thereafter died and the defendant retained the interest conveyed in accordance with the expressed intention of the parties at the time of the execution of this agreement.
The written agreement, however, does not contain either expressly or by inference any of the foregoing conditions. On the contrary, the grantees of the property unequivocally agreed to recdnvey it to the grantors “ or either of them upon demand.” It has been held that when parties have reduced their agreement to writing the parol evidence rule applies to prevent its variance by parol evidence. (Laskey v. Rubel Corp., 303 N. Y. 69, 71.) Since the writing here involved appears upon its face to be complete, embracing all the particulars to make a perfect agreement and designed to express the whole arrangement *663 between the parties, the conditions relied upon by the defendant which are inconsistent with, and contradictory of, the written instrument may not vary it. (Thomas v. Scutt, 127 N. Y. 133.) The defendant may not vary the terms of a writing complete on its face “by inserting in the writing what is not there.” (United Press v. New York Press Co., 164 N. Y. 406, 410.) Accordingly, the court is of the opinion that the defendant has not demonstrated that she has an arguable defense to this action and that any issues of fact are presented which require a trial.
The motion is granted to the extent of directing the specific performance of the agreement involved. Inasmuch as the plaintiff has failed to demonstrate that he has suffered any damages as the result of the defendant’s failure to reconvey upon demand, the motion is denied insofar as it seeks an assessment.
Submit order.