■ JOSEPH HOPPER, Respondent, v. THERESA LISEK, Appellant.— Action by one of the beneficiaries named in a trust agreement (1) to compel one of the trustees to reconvey a parcel of real property in Queens County, a part of the trust *res*, pursuant to a provision in said agreement which required the trustees to reconvey on demand, and (2) to recover damages for the alleged breach of said agreement. The appeal is (a) from an order granting a motion for summary judgment striking out the answer and directing specific performance, and (b) from the judgment entered thereon. Order and judgment unanimously affirmed, with $10 costs and disbursements. No opinion. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ. [15 Misc 2d 661.]

■ BERTHA L. HUNTER, as Administratrix of the Estate of JAMES HUNTER, Deceased, Appellant, v. 1001 TENANTS CORPORATION et al., Respondents.— In an action to recover damages for wrongful death, the appeal is from so much of two orders as denied in part appellant's motions to examine respondents before trial. Appellant's intestate, a window cleaner, was killed when he fell from a building more than six stories high while washing a window. The complaint alleges noncompliance with, and violation of, section 202 of the Labor Law. Orders modified by striking from the first ordering paragraph of each order everything following the word "granted" and by substituting therefor the words "in all respects, and it is further". As so modified, orders insofar as appealed from affirmed, with one bill of $10 costs and disbursements to appellant. In our opinion, the items denied by the learned Special Term come within the issue raised by the denial of the allegation of a violation of section 202 of the Labor Law. Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur.

■ INCORPORATED VILLAGE OF BROOKVILLE, Respondent, v. PAULGENE REALTY CORP. et al., Appellants.— In an action to enjoin summer activities on certain premises alleged to be in violation of a zoning ordinance, the appeal is from an order granting a motion for an injunction *pendente lite*. Order affirmed, without costs, and without prejudice to an application to vacate the order if the action be not moved promptly for trial. This determination is based, not on the merits of the controversy, which have not been considered, but on the well-settled principle that, save in exceptional cases, an appellate court will not interfere with the discretion of the Special Term in granting or refusing an injunction *pendente lite* but will await the determination of the facts by the trial court after a plenary trial (*Horsfall* v. *Schuler*, 217 App. Div. 146; *Duryea* v. *Auerbach*, 164 App. Div. 44). In this case there is no reason for departing from the general rule, especially since the 1959 summer season has ended and a resolution of the conflicting issues of fact may be had upon a plenary trial long before the 1960 summer season begins. Nolan, P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur.