Samuel M. Gold, J.
Plaintiff moves for summary judgment. The action is in unfair competition and seeks judgment restraining the use by the defendant, alone or in any combination, of the word “ Greyhound ” in connection with its name or business. The court may well take judicial notice of the primacy of the name “ Greyhound ” in connection with the plaintiff corporation and the operation of its business, apart from the convincing recital of the history of the name as used by the plaintiff and its predecessors since 1914, the expansion of the enterprises conducted under its aegis, and the public acceptance of that name as identifying the plaintiff and its activities, particularly in the transportation and related fields and in the marketing of and dealing in its securities.
It appears that one Edward F. Henderson, president of the defendant corporation and who aided in its organization, had been for many years prior thereto a vice-president and trust officer in the Securities Department of the Trust Company of North America now known as Commercial Bank of North America, and therefore it may be deemed to be a fact that he was or should have been fully aware of plaintiff’s place in commerce and of the significance of the word “ Greyhound ”. The busi *304 ness of the defendant is, seemingly, confined to dealing in public securities and part of plaintiff’s business is involved, too, in the offering and sale from time to time of securities to the public and financial institutions for the obtaining of capital in the development and expansion of its business.
The defendant contends that the recited facts relating to plaintiff’s business and its operations and the use of its name are not relevant to any asserted right against this defendant for an injunction since the defendant is not engaged in any of the activities pursued by the plaintiff and does not compete with it. However, competition of product is not an essential element in unfair competition particularly since the plaintiff has a right to the use of its name enhanced by secondary meaning and public acceptance without dilution of its benefits by the use of the same name by the defendant. The contention that the dictionary meaning of the word ‘ ‘ Greyhound ’ ’ excludes completely any reference to public service and securities and therefore plaintiff cannot claim a right of prior use or secondary meaning is wholly without merit. Mr. Henderson further argues that in the course of his activities prior to becoming associated with the defendant he had never heard the use in the stock and securities market of the term “ Greyhound Securities ”. It is not plaintiff’s contention that such a term was used but rather that the name ‘ ‘ Greyhound ’ ’ has become identified with the plaintiff and that one of plaintiff’s activities is the marketing of its securities. Thus the marketing of securities by the defendant in the conduct of its business under its present name would necessarily result in confusion and that the use of the name ‘ ‘ Greyhound ’ ’ is barred to it.
Mr. Henderson denies that he had anything to do with the selection of the defendant’s corporate name. It does appear, however, that he participated in the negotiations and discussions preliminary to organization and then, or upon association with the defendant, acquiesced in its use. More important, one Sidney Panzer who had something to do with the selection of the name states that “ it was deemed appropriate to use the title ‘ Greyhound ’ because it was a name well known to the average person and from that point of view, it was considered helpful in the establishment of a new enterprise ”. Thus there is a concession not only that “ Greyhound ” was a well-known name but, in addition, the defendant is charged not only with that knowledge but with the knowledge that plaintiff had something to do with the prominence of the word “ Greyhound ”. There is more than passing significance to the suggestion as made by the plaintiff that in the selection of the name to be *305 used in connection with the marketing of securities the defendant should have hit upon a word which happens to be the name of a dog. The primacy and distinction acquired by the name “Greyhound” has many times been the subject of litigation resulting favorably to the plaintiff. In addition, the plaintiff is entitled to favorable consideration in the application of subdivision 3 of section 368-c of the General Business Law. As plaintiff suggests, the defendant is guilty of ‘ ‘ commercial hitch-hiking ’ ’. The motion is granted.