Thomas P. Parley, J.
Motion for an injunction restraining the defendant, Meadowbrook Securities, Inc., a securities underwriter and broker with an office in Hempstead, Nassau County, from using the name “ Meadow Brook ” in connection with its business or advertising its services and facilities during the pendency of this action.
According to the complaint, the plaintiff is a national bank currently engaged in the banking business in Nassau, Queens, Kings and New York Counties through 55 branch offices, 45 of which are situate in Nassau County. Since 1949, it has carried on business under the trade-mark or trade name ‘ ‘ Meadow Brook”. Its services and facilities include savings and checking accounts; commercial and industrial loans; consumer credit loans; mortgage loans; foreign banking services and trust and estate services. The plaintiff also alleges that many of its services and facilities are closely connected with the securities market, i.e., it buys and sells securities in its capacity as an executor and trustee; it maintains a security clearance department for handling the receipt and delivery of securities for *113 various securities brokers; it performs services as a transfer agent and registrar for the common stock of numerous publicly held corporations; it bids on municipal bond issues on its own account and for the account of others. In addition, Meadow Brook National Bank stock is now issued and sold to the public and is actively traded on the over-the-counter market.
The complaint pleads three causes of action against the defendant: the first for trade name infringement; the second, for dilution of trade name value, the third, for unfair competition. The gravamen of the plaintiff’s grievance is that the defendant, whose principal officer was well aware of the existence and name of the plaintiff, appropriated plaintiff’s trade name in an effort to avail itself of the valuable goodwill attached to the Meadow Brook name and that the result of such appropriation is confusion or likelihood of confusion to the general public. Annexed to the moving papers are affidavits citing one instance of a piece of mail addressed to defendant being delivered to plaintiff and two instances wherein plaintiff’s customers confused the plaintiff with the defendant in connection with an offering circular or prospectus relating to a security which the defendant was underwriting. The prayer of the complaint seeks to permanently restrain defendant from using the name “ Meadow Brook ”.
The drastic relief of a temporary injunction is only justified where the plaintiff shows to the court’s satisfaction that irreparable injury is suffered or reasonably to be expected (Elk St. Market Corp. v. Rothenberg, 233 App. Div. 243; Green Co. v. Industrial Development Co., 8 A D 2d 785; Jack & Jill Togs v. Bernside Mills, 2 A D 2d 887). Where such temporary mandatory injunction will, in effect, disturb the status quo and afford plaintiff all the relief which it could obtain after trial, the remedy may not be granted unless irreparable injury and a clear right to the relief demanded is clearly shown (Barricim, Inc., v. Barricini Shoes, 1 A D 2d 905; Ash v. Holderman, 5 A D 2d 1017). The relief should be refused in cases where it will do greater damage or create greater injury to the defendant than its denial would to the plaintiff (Gilbert v. Burnside, 6 A D 2d 834).
From the papers before the court, it is of the opinion that an injunction pendente lite is not warranted. It may well be that upon a trial, plaintiff will successfully establish one or more of its causes of action. In the meantime, however, the court is not convinced that the plaintiff’s banking business will suffer irreparable injury by reason of the defendant’s continued operations. Furthermore, the balance of convenience is clearly *114 with the defendant, for if a temporary injunction were to issue, it would be compelled to cease all business operations until a new name was filed with the Securities Exchange Commission; its corporate name changed, and all salesmen re-registered with the Attorney General and the National Association of Securities Dealers.
The case of Manufacturers’ Trust Co. v. Manufacturers’ Securities Corp. (N. Y. L. J., July 6, 1961, p. 5, col. 6), relied upon by the plaintiff:, does not support its position. There a motion was made for summary judgment not for a temporary injunction. In its opinion granting summary judgment the court specifically pointed out that a motion for a temporary injunction had previously been denied. The decision denying the injunction pendente lite appears in the New Torh Law Journal of May 22, 1961 (p. 14, col. 5) where Mr. Justice Greenberg held as follows: “ This is a motion by plaintiff for a temporary injunction. While there is considerable suspicion as to the reason for the selection of the name by the defendant in the conduct of its business, the injury to it, if a temporary injunction is granted at this time, may be more harmful than the detriment to the plaintiff, if the motion were denied pending trial. Accordingly, the motion for an injunction pendente lite is denied.”
The same determination was adhered to on a motion for reargument (N. Y. L. J., June 8, 1961, p. 15, col. 1.)
Greyhound Corp. v. Greyhound Securities (26 Misc 2d 303) also cited by plaintiff is not authority for the relief here sought since that determination was also made on a motion for summary judgment and not one for a temporary injunction.
The motion is accordingly denied. Since, however, the court believes that the defendant’s name has such similarity to the plaintiff’s as to cause possible confusion in the minds of the public, a speedy trial will be afforded the plaintiff. The Clerk will be directed to accept, if necessary, a note of issue for the February 1962 Term and the case will be ordered to appear on the Ready Day Calendar of Trial Term, Part III for February 5,1962, subject to the further order of the Justice there presiding. All preliminary proceedings referred to in the Statement of Readiness Rule shall be completed or waived by January 15. 1962.