■ DAMON CREATIONS, INC., Respondent, v. JAMES TALCOTT, INC., Appellant. (Action No. 1.) DAMON CREATIONS, INC., Respondent, v. FIRST NATIONAL FACTORS OF BOSTON, Appellant. (Action No. 2.) — Order, Supreme Court, New York County, entered on March 14, 1972, unanimously modified, on the law and on the facts and in the exercise of discretion, to strike the first three decretal paragraphs thereof, plaintiff's motion for a preliminary injunction denied with costs, and the order otherwise affirmed. Appellants shall recover of respondent one bill of $30 costs and disbursements of these appeals. We conclude that it was an improvident exercise of discretion to enjoin the defendant James Talcott, Inc., from seeking and receiving payment from First National Factors of Boston, and to enjoin the latter from

making payment to the former, under the letter of indemnity delivered by First National to Talcott. Talcott, upon termination of its agreement to factor plaintiff's accounts receivable, on the faith of the letter of indemnity received from First National, turned over to the latter, as successor to plaintiff's factoring business, substantial sums then appearing as a credit balance to plaintiff on Talcott's books. By the terms of the letter of indemnity, however, Talcott, was entitled to demand and First National agreed to pay back to Talcott such amounts as Talcott demanded to cover later chargebacks against plaintiff's account for disputed receivables factored by Talcott, interest earned and owing by plaintiff to Talcott and credits granted by plaintiff to the customers against the factored receivables. Plaintiff was not a party to the letter of indemnity and we conclude that its alleged claims against and demand for an accounting by Talcott do not confer standing upon it to bar Talcott from receiving such payments as may be payable by First National in accordance with the terms of the letter of indemnity. In any event, plaintiff fails to factually establish a clear likelihood of any substantial recovery in its litigation against Talcott and such failure precludes the exercise of discretion to grant the relief sought. (See *Johnstown Min. Co.* v. *Butte & Boston Cons. Min. Co.*, 60 App. Div. 344, 346–347; *Shubert Theatrical Co.* v. *Gallagher*, 200 App. Div. 596, 598–599; *Pine Hill-Kingston Corp.* v. *Davis*, 225 App. Div. 182; *Park Terrace Caterers* v. *McDonough*, 9 A D 2d 113; *Meda Int.* v. *Salzman*, 24 A D 2d 710.) Furthermore, if, upon a plenary trial, the plaintiff establishes a right of recovery, it does not appear that its legal remedies are inadequate or that it will suffer irreparable injury as a result of the performance of the terms of the letter of indemnity. Consequently, injunctive relief should be denied. (See *Thomas* v. *Musical Mut. Protective Union*, 121 N. Y. 45, 52; *Kane* v. *Walsh*, 295 N. Y. 198, 205–206; see, also, *De Candido* v. *Young Stars*, 10 A D 2d 922.) Concur — McGivern, J. P., Murphy, Steuer, Tilzer and Eager, JJ.