■   JOHN W. ROSS, INC., Respondent, v PAUL BURCHMAN, Appellant.— In an action *inter alia* to recover damages for breach of contract, defendant appeals from a judgment of the Supreme Court, Westchester County, entered October 31, 1975, which is in favor of plaintiff, after a nonjury trial. Judgment affirmed, with costs. The record amply supports the determination made. There is no proof that, when the Trial Justice stated that he was giving the defendant credit for further payments, he did not in fact take into consideration the sum of $308.75. Cohalan, Acting P. J., Margett, Damiani, Shapiro and Titone, JJ., concur.

■   SHELDON C. KATZ as a Partner in JOAN REALTY CO., Respondent, v J. SWIFT, as Executive Director of Environmental Control Board, et al., Appellants.—In an action *inter alia* to enjoin defendants from pursuing their program to upgrade incinerators in private buildings until such standards are imposed upon buildings owned by the defendant city, defendants appeal from an order of the Supreme Court, Kings County, dated July 31, 1975, which, *inter alia,* (1) denied their cross motion to dismiss the complaint and (2) granted plaintiff's motion for a preliminary injunction. Order affirmed, with $50 costs and disbursements, and plaintiff is directed to notice this case for trial forthwith, and thereupon the case should be preferred for trial. The allegations of the complaint state a cause of action to which a defense upon documentary evidence has not been established. The claim of improper form is not a ground for dismissal (CPLR 103, subd [c]). Finally, we have considered the argument that plaintiff has failed to exhaust administrative remedies and find it to be without merit. Hopkins, Acting P. J., Margett, Damiani, Shapiro and Titone, JJ., concur.

■   KORVETTES, INC., Appellant, v PUEBLO INTERNATIONAL, INC., et al., Respondents.—In an action *inter alia* to compel defendant Hills Supermarkets, Inc., to reopen and to continue to operate a certain supermarket, the appeal is from an order of the Supreme Court, Richmond County, dated July 7, 1976, which, *inter alia,* denied plaintiff's motion for a mandatory preliminary injunction. Order affirmed, without costs or disbursements. Upon the papers presented, the denial of plaintiff's motion did not constitute an improper exercise of discretion (cf. *Incorporated Vil. of Brookville v Paulgene Realty Corp.,* 9 AD2d 770). Hopkins, Acting P. J., Margett, Damiani, Shapiro and Titone, JJ., concur.